No. 70.—E. C. GRANNISS, administrator of John D. Dacey,. deceased, plaintiff in error, *vs.* JOHN MASSETT, defendant.

[1.] If A levies on the land of B, his judgment debtor, sells it and bids it off' himself, he cannot proceed to re-levy or claim money in Court arising from the sale of other property, or otherwise collected and belonging to the defendant, until he has accounted for his bid.

Motion to distribute money. Bibb. Decided by Judge POWERS, May Term, 1856.

E. C. Granniss, as the administrator of John D. Dacey, deceased, moved a rule to distribute the sum of $800—a. fund in Court belonging to the estate of said Dacey.

Pending this motion, John Massett, by his Counsel, appeared before the Court and represented that he had become the security of John Dacey on the appeal in a suit at the instance of Sherod H. Gay *vs.* John Dacey; that judgment had been obtained against him as such security; that he had paid off said judgment and had control of the same, and claimed so much of said sum of $800 as was necessary to reimburse him as such security.

This claim was resisted on the ground that the judgment had been satisfied in the hands of said security.

The case was submitted on the following agreed state of facts, to-wit:

That a lot of ground in the city of Macon belonging to said' Dacey was levied on by the Sheriff of Bibb County under and' by virtue of said *fi. fa.* which lot was sold by said Sheriff on the 1st Tuesday in June, 1855, at that time there being no administration on Dacey's estate; at which said sale said John Massett bid off said lot, which was knocked down to him at a price or bid sufficient to pay off and discharge said *fi. fa.*; that Massett never paid any of said purchase money, nor complied with said sale, nor had a deed for the lot been made by the Sheriff; and that since said sale said lot had been, and now is vacant, and that neither said Massett nor the administrator of said Dacey had taken possession of said lot, said Massett forfeiting his bid, and so notifying the Sher- iff.

On argument had upon these facts, the Court adjudged' that the said Massett, as security for Dacey, should be reimbursed out of said fund in Court.]

Counsel for Granniss, administrator, &c. excepted thereto..

Stubbs; Hill & Tracey and L. N. Whittle, for plaintiff in error.

E. A. & J. A. Nisbet, *contra.*

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] The only question in this case is, when a plaintiff bids. off property of his debtor at Sheriff's sale, brought to the block by levy and sale, under his own *fi. fa.* can he, after refusing to comply with his bid, come into Court and have his execution satisfied out of other monies of the debtor, and thus drive the latter to his action to recover out of him the amount. of his bid?

In stating the case thus, we have intentionally avoided the supposed technical difficulties in putting it upon the doctrine of set-off. And we can see no practical difficulty in holding:

that the plaintiff shall account for his bid before he shall be allowed to levy and sell other property, or claim money.

Does not justice sanction—yea, demand this course? Would not a contrary practice be highly oppressive to debtors? Can it be right to allow the creditor to force the defendants' property into market, bid it off himself, refuse to pay for it, but proceed to levy and sell again or claim money and drive the debtor to his action—at the end of which, perhaps, he would realize nothing by reason of the insolvency of the plaintiff? We cannot think so.

It is said that the plaintiff may have substantial and sufficient grounds for refusing to comply with his bid. Let him, then, while the money is impounded, and before it is distributed, tender an issue and try the question before a Jury, if it be one of fact, or the Court, if it be one of law. This will be the cheapest and most direct way of settling the matter; and for that reason, commends itself to our approval.

When this credit is allowed, the purchaser, Massett, will be entitled, of course, to a deed from the Sheriff to the land, as well as an acquittance for the amount of his bid.