JOHN HENDRICK, plaintiff in error, vs. RICHARD DAVIS, Sheriff, for the use, &c., defendant in error.

[1.] That part of the statute pointing out the duty of the Sheriff, in making sale of property executed by him, and declaring that he shall advertise the sale in three of the most public places of the county, is directory to the Sheriff only, and if he omit to do it, such omission does not vitiate the sale; but any person injured by this neglect of duty, has a remedy against him.

[2.] A deed exhibited at a Sheriff's sale, said to be a conveyance of the property sold, but which was not read, nor examined by the person who bid off the property, is no evidence for him in an action for refusing to comply with the terms of the sale.

[3.] If the error assigned be, that the Court refused to admit in evidence representations and statements made by the Sheriff, at his sale of property, the record must show what those representations and statements were, or this Court cannot pass upon them.

[4.] To hold a person who refused to comply with the terms of Sheriff's sale, liable for the difference between the price at which he bid off the property, and the price at which it was subsequently sold, the same property must have been resold, and resold as the property of the identical parties as whose property it had been bid off by him.

Assumpsit, from Randolph county.   Tried before Judge
KIDDOO, at November Term, 1858.

This was an action by Richard Davis, Sheriff, for the use
of Lodwick Lard, against John Hendrick, to recover eight
hundred and ten dollars, being the difference between a first
sale of Lard's property made by the Sheriff, and bid off by
Hendrick, and a second sale thereof, Hendrick failing and
refusing to comply with his purchase, and said property re-
sold at his risk.

Under a *fi. fa.*, at the suit of E. H. Martin vs. Lodwick
Lard and Masten D. Hendrick, makers, and Thomas L.
Douglass and William T. Callier, endorsers, the Sheriff of
Randolph county made a levy, and entered the same on the
*fi. fa.*, in the following words, to-wit:

" GEORGIA, RANDOLPH COUNTY.

Levied this *fi. fa.* on one-third interest of steam mills and
fixtures, together with one-third interest of eleven hundred
acres of land immediately attached, being the interest former-
ly owned by Thomas L. Douglass; also $\frac{1}{3}$ interest of $\frac{1}{2}$ lot of
land No. 118, and $\frac{1}{3}$ interest of lot of land lying east of the
mills' lands, cornering on the Hugh McKinnon lot of land;
also $\frac{1}{4}$ saw timber on 147, $\frac{1}{3}$ saw timber on lot No. 112, $\frac{1}{3}$ saw
timber of lot of land 79, all in the 6th district, said county;
levied on as the property of *defendants*. Pointed out by M.
D. Hendrick and L. E. Lard.   Oct. 1st, 1856..

(Signed)                    E. VARNER, *D. Sh'ff.*"

The Sheriff advertised his levy in the Columbus Times,
and described the property as belonging *to L. E. Lard and
Masten D. Hendrick.*

The property was put up to the highest bidder, and bid off
by John Hendrick, at the price of $1,810   Afterwards, he
was tendered a deed by the Sheriff, in which the land was
described as the property of *Lard* only; the purchaser re-
fused to pay his bid, or to accept the deed; the property was.

re-advertised to be resold at the purchaser's risk, and was described in the advertisement, and sold as the property of *Lodwick E. Lard.* At the second sale, John McK. Gunn became the purchaser at $1,000. And this action is brought against John Hendrick, to recover the difference between the first and second sale.

Upon *the testimony and charge of the Court, the jury found* for the plaintiff $810 00, and the defendant tenders his bill of exceptions, assigning the following errors:

1st. In the refusal by the Court to allow defendant to ask the Deputy Sheriff, if the sale was advertised at three of the most public places in the county.

2d. In refusing to allow defendant to introduce in evidence the deed of Thomas L. Douglass, which was held up at the time of the sale by the Sheriff, and which was announced to be a deed to the land then selling.

3d. In refusing to allow defendant to prove the representations and statements made by the Sheriff about the property, and what he was selling.

4th. In not withdrawing, on motion by defendant's counsel, from the jury, the levy on the execution, and in holding that said levy authorized the Sheriff to advertise and sell the one-third interest of each defendant separately, in and to said property.

5th. In not allowing defendant to prove that said sale had not been advertised at three of the most public places in the county.

Perkins; E. H. Beall, for plaintiff in error.

Hood & Robinson, *contra.*

*By the Court.*—McDonald J. delivering the opinion.

The defendant in the Court below, who is the plaintiff in error here, was sued by the Sheriff, for the use of Lodwick

E. Lard, to recover the difference between the price at which the defendant had bid off certain property at Sheriff's sale, he having refused to comply with the terms of sale when required to do so, and the price at which the property was afterwards sold. The suit was brought under the Act of 1831. *Cobb*, 513.

[1.] On the trial, the plaintiff in the Court below introduced the Deputy Sheriff as a witness. The counsel for defendant proposed to ask him if the land had been advertised in three of the most public places in the county. The question was objected to, and the objection sustained, and error is assigned on that decision. It is made the duty of the Sheriff to advertise the sales of property levied on by him, in three of the most public places in the county. This is merely directory to the Sheriff, and his failure to do it does not vitiate the sale. But if the omission of this duty should result in injury to any one, the injured person would no doubt have an action against him to recover damages commensurate with the injury sustained.

[2.] We do not see the relevancy of the deed of Douglass, offered in evidence, to the issue between the parties. A deed was exhibited at the time of the sale, said to be a deed to the property that was selling. But that had nothing to do with the matter before the Court. The defendant did not examine it, and he cannot claim to have been misled or prejudiced in any way by its exhibition. He was content to purchase by the levy and advertisement. The Court very properly rejected the deed.

[3.] In regard to the third assignment of error, I will remark that it no where appears in the record, what had been the representations and statements made by the Sheriff about the property, and what he was selling, and this Court has therefore no means of determining whether the Court erred in ruling them out. Error is not to be presumed.

The defendant's counsel moved to withdraw from the jury, the levy upon the *fi. fa.* in favor of E. H. Martin vs. L. E.

Lard and M. D. Hendrick, makers, and Thomas Douglass and William T. Callier, endorsers, deciding that said levy on said *fi. fa.* authorized the Sheriff to make sale of the one-third interest of either of the said defendants separately, in and to the property levied on.    Error is assigned on this decision.    In determining this assignment of error, we refer to the principles upon which the plaintiff's suit depends.    The plaintiff in error had purchased, at the Sheriff's sale, the interest of *two* of the defendants in the third part of the property sold.    He bid it off at $1,810.    He refused to comply with the terms.    The property was advertised subsequently, and sold for $1,000, as the property of Lodwick E. Lard only. For Hendrick to be liable, the same property must have been resold, and resold as the property of the identical defendants as whose property it had been bid off by him.    If it had been offered the second time as the property of both defendants, and especially if each owned a third, who can say that the property would not have sold for the amount of Hendrick's bid?    The decision of the Court must be construed to mean, that notwithstanding the Sheriff offered for sale the interest of two defendants, and it was bid off by Hendrick, he, not having complied with the terms of sale, must be held liable for the difference between his bid and the price at which it was sold at the second sale as the property of one defendant only, inasmuch as the Sheriff was authorized by the levy to make sale of the one-third interest of either of the defendants separately, in the property levied on.    The question in the case was not on the authority of the Sheriff to sell, but upon the liability of the defendant below to respond for the difference between his bid and the price of the second sale, when he had bid off the interest of two of the defendants, and the subsequent sale was of the interest of one only.    The decision was wrong in reference to the facts of this case, and the law of the defendant's liability.

A matter appears in the record, but on which no point seems to have been made in the Court below, and there has

been no allusion to it here. The plaintiff in error, as repeatedly already remarked, bid off the interest of two of the defendants in the property offered for sale; when the Sheriff demanded of him a compliance with the terms of sale, he tendered a a deed conveying the interest of one of them only.

We reverse the judgment on the fourth assignment of error appearing in the record, for the reasons stated.

·   Judgment reversed.