## OLIVER *et al. vs.* THE STATE OF GEORGIA.

1. The contest being between the holders of two *fi. fas* over a fund
alleged to be in the hands of the sheriff, and terminating in a judg-
ment ordering the fund to be paid to one of them, that the other
excepted and gave a *supersedeas* bond conditioned to pay "the
eventual condemnation money" would not render him and his
surety liable, after an affirmance, to a judgment on the bond for
the amount of the fund in dispute. Their liability would not ex-
tend beyond costs and damages in case of a frivolous exception.
2. That on the motion to enter judgment on the bond it appeared that
the other contestant was also the purchaser at the sheriff's sale, and
had never paid the amount of his bid, would not alter the case.
Such fact formed no part of the rule to distribute; the Code pro-
vides a remedy against defaulting purchasers at sheriffs' sales.

Practice in the Superior Court. *Supersedeas.* Money
rule. Before Judge WRIGHT. Decatur Superior Court.
May term, 1880.

To the report contained in the decision it is only neces-
sary to add the following : To the motion to enter judg-
ment on the *supersedeas* bond, Oliver filed objections, from
which it appeared that the fund over which the contest

was had, as in the sheriff's hands, was never in fact paid; that Oliver had bid in the property at the sale under his *fi. fa.*, but after notice had been served upon the sheriff by the attorneys representing the contesting *fi. fa.*, the sale was never consummated. This was urged as a reason for giving judgment on the bond.

O. G. GURLEY; J. E. DONALSON, by JACKSON & LUMPKIN, for plaintiff in error.

CLIFFORD ANDERSON, attorney general; BOWER & CRAWFORD, for the state.

SPEER, Justice.

It appears from the record in this case that one McAffee obtained a judgment against Hampton as principal, Oliver (the plaintiff in error) as security, and Davis as indorser; that subsequent to the rendering of the judgment Oliver purchased and took control of the same, and had the same levied on a certain house and lot in Decatur as the property of Hampton, the principal in said *fi. fa.*; that the same was exposed to sale on the first Tuesday in November, 1878, and bid off by Oliver for the sum of four hundred and seventy-five dollars; that at or soon after said sale, attorneys representing a *fi. fa.* issued by the comptroller general in favor of the state against one Griffin as tax collector and his securities (of which Hampton was one) for Griffin's default as tax collector, gave notice to the sheriff making said sale to hold up said money, as they would claim the same on the *fieri facias* in favor of the State *vs.* Griffin, Hampton and others, securities; that at the November adjourned term after said sale, the attorneys representing the *fi. fa.* of the state filed their rule and motion to distribute the money in Decatur superior court in favor of the state against Alfred B. McAffee, plaintiff in *fi. fa.*, and Joshua B. Oliver, as parties, reciting the fact of " the sale of the property of

v 60—38

Hampton, by virtue of an execution issued from Dougherty superior court in favor of McAffee *vs.* Hampton, principal, and Oliver and Davis security, and that Oliver had bid off the property for the sum of four hundred and seventy-five dollars, and that notice had been given the sheriff to hold up said sum and pay over the same on the *fi. fa.* isssued by the comptroller general, and calling upon the said plaintiffs in *fi. fa.*, McAffee and J. B. Oliver, to show cause instanter why said sheriff should not be required to pay over said money on said tax *fi. fa.*, as aforesaid." Service was acknowledged on this rule by Oliver alone; neither the sheriff nor McAffee seem to have been served.

To this rule Oliver filed his answer, claiming the money on the *fi. fa.* he controlled, and alleging various reasons why the same should not be paid to the tax *fi. fa.*, which it is not necessary here to set forth.

On hearing the rule and answer, the judge presiding ordered that " the four hundred and seventy-five dollars raised from the sale of said Hampton's property be paid over by said sheriff, S. M. Cox, on the *fi. fa.* issued by the comptroller general against Griffin, Hampton *et alii* after twenty days, provided a *supersedeas* is not had by that time to the judgment rendered."

To this judgment Oliver excepted, entered into a *supersedeas* bond, and by writ of error brought said judgment to this court for review. Th    gment of the court below was affirmed by this court.

On the return of the cause to the court below, the judgment of this court was made the judgment of the court below, and on the application of attorneys representing the state in the tax *fi. fa.*, they were allowed to enter judgment for the sum of four hundred and seventy-five dollars, with interest and cost on the *supersedeas* bond given by said Oliver and his security as "condemnation money" recovered against him. To this judgment so rendered Oliver excepted, and assigns the same as error.

The *supersedeas* bond is in the following form :

STATE OF GEORGIA }
      *vs.*
A. B. McAFFEE
   J. B. OLIVER. }
Motion to distribute money. In Decatur superior court. November adjourned term, 1878; and judgment for plaintiff.

Know all men by these presents, that J. B. Oliver as principal, G D. Webb as security, acknowledge themselves justly bound and indebted unto the above stated plaintiff in the just and full sum of five hundred and eighty dollars subject to the following conditions, to-wit: Whereas, the said J. B. Oliver desires to carry the above stated case to the supreme court for revision by bill of exceptions, and has paid all costs, and files this his bond under section 4263 of the revised Code of Georgia, that it may operate as a *supersedeas* in said case; and should the said J. B. Oliver well and truly pay the eventual condemnation money and all subsequent costs that may accrue in said case, in the event that the final judgment is therein reversed, to said Oliver, and then this bond to be void, else of full force. In testimony whereof, etc., etc.

The question then presented for our consideration is whether, under the facts of this case as thus disclosed by the record, the judgment of the court was correct ordering and allowing a judgment to be entered against this plaintiff in error in favor of the state on this *supersedeas* bond for the amount of money which the court below had ordered and adjudged should be paid by the sheriff to the tax *fi. fa.*

1. This cause was initiated by the sale of the property of Hampton under the *fi. fa.* controlled by Oliver, notice to the sheriff to hold up the money, and then by a rule calling upon McAffee and Oliver "to show cause instanter why said sheriff should not be required to pay over said money on said tax *fi. fa.*" To this rule Oliver appeared and showed cause, claiming the money on his older *fi. fa.* It was simply a contest between conflicting liens over a fund presumed to be in court, and for this purpose alone was Oliver and McAffee cited to appear, though strangely, the custodian and holder of the fund (the sheriff) was never made a party—so far as the record shows—against whom the order and judgment was asked. The court, after hearing said order and response thereto, awarded a

judgment " that the four hundred and seventy-five dollars raised from the sale of Hampton's property be paid over by said sheriff, S. M. Cox, on the *fi. fa.* issued by the comptroller general." While the judgment was adverse to the priority of the lien of Oliver's *fi. fa.*—and hence his right to the money—it certainly was no judgment against Oliver for the money. He was not subject to a rule of this character to compel him to pay money under a proceeding instituted to distribute money alleged to be in the hands of the sheriff. If the litigation had ended here, can it be contended that under the judgment thus rendered a *fi. fa.* could have issued for the amount and the collection be thus enforced out of Oliver? We think not. Being dissatisfied with this judgment, Oliver excepted and entered into the *supersedeas* bond. Did this change his relation of liability to this cause? The statute prescribed that he should give the bond to stay the judgment rendered, and of which he complained. It was his legal right to prosecute his writ of error, and when he did so he still stood as a creditor contesting his right to a fund in court for distribution under his lien. The judgment of the supreme court affirmed the judgment of the court below. It did not award any judgment of its own variant from that of the superior court, and the judgment of the latter court was against the sheriff to pay over the amount—not Oliver. The condemnation money under this state of facts, for which Oliver was liable, was simply the costs and damages for carrying up the cause for review, if any had been assessed. To say that a creditor who came with his *fi. fa.* into court to claim money on a rule for distribution, if he excepted and gave bond, would be liable for the amount of money in dispute to the prevailing creditor, merely because his *supersedeas* bond is for the eventual condemnation money, would make it a hazardous experiment to claim a fund in court.

But it is claimed that Oliver was the purchaser of the property at the sale, and he is liable for this cause. If he

was the purchaser and liable, the statute prescribes how his liability shall be determined; not by a rule against him, but by a regular suit instituted and upon which he can be heard. See Code, §§3655–6.

2. But there is nothing in this record showing the judgment against him was based upon any such grounds. There was no judgment against him for any amount, either in the superior or in the supreme court, except for costs, but simply a judgment that his *fi. fa.* was not entitled to the money, but another was. We therefore think the court erred in ordering and allowing the judgment to be entered on the *supersedeas* bond for any amount save for the costs of the cause remaining unpaid.

Let the judgment of the court below be reversed.