Barlow vs. Toole, McGarrah & Tondee.

## BARLOW vs. TOOLE, McGARRAH & TONDEE.

Where a sheriff sold land under two *fi. fas.*, and it was bid off by the plaintiffs in one of them, who refused to comply with the terms of the sale, and nothing was paid on their bid, and the sheriff then levied upon the property by virtue of two older *fi. fas.* in favor of wholly different plaintiffs against the same defendant, advertised it for sale at the risk of the bidders, and at the sale under this new levy the same bidders purchased the property at a less price, complied with the terms of that sale and took a conveyance from the sheriff, this did not fall within the provisions of §3655 of the code, so as to give a right of action in the name of the sheriff for the use of the defendant against the bidders for the difference between the amounts of the two bids; nor, under the general law, would the action lie.

February 24, 1887.

Levy and sale. Sheriffs. Actions. Before Judge FORT. Sumter superior court. April term, 1887.

Reported in the decision.

J. A. ANSLEY and E. A. HAWKINS, for plaintiff in error.

JAMES DODSON & SON, for defendants.

BLECKLEY, Chief Justice.

The sheriff sold land under two *fi. fas.* It was bid off by the plaintiffs in one of them. They refused to comply with the terms of the sale, and nothing was paid on their bid. The sheriff then levied upon the property by virtue of two older *fi. fas.* in favor of wholly different plaintiffs against the same defendant, advertised it for sale at the risk of the bidder, and at the sale under this new levy the same bidders purchased the property at a less price. They complied with the terms of that sale and took a conveyance from the sheriff. The defendant in execution then, in the name of the sheriff, suing for the defendant's use, brought an action against these bidders for the difference between the amounts of the two bids. The court, on demurrer to that declaration, dismissed it, holding there was no cause of action.

The declaration is founded apparently upon the statute (code, §3655); and certainly the statute does not fit the case. It provides for one of two remedies, either to bring an action for the whole bid, or to resell the property and sue for the difference. Here there was no resale, but fresh levies under other *fi. fas.*; and the second sale was as much an original sale and as little a resale as the first was. So that there could be no action maintained upon the statute.

Treating the action as founded upon general law, it cannot be upheld, for neither is the general law applicable to the facts alleged in the declaration. Without aid from the statute, the sheriff cannot sue for the use of the defendant in *fi. fa.* We think the court did right in sustaining the demurrer and dismissing the action.

We have examined the following cases, most of them arising under the statute, and the present case is not with-

in the letter or the principle of any of them: *Hicks vs. Ayer*, 5 *Ga.* 298; *Granniss vs. Massett*, 20 *Ga.* 401; *Hendrick vs. Davis*, 27 *Ga.* 167; *Collier vs. Perkerson*, 31 *Ga.* 117; *Daniel vs. Jackson*, 53 *Ga.* 87; *Alexander vs. Herring*, 54 *Ga.* 200; *Saunders vs. Bell*, 56 *Ga.* 442; *Humphrey vs. McGill*, 59 *Ga.* 649; *Jones, Drumright & Co. vs. Thacker & Co.*, 61 *Ga.* 335; *Oliver vs. State*, 66 *Ga.* 602; *Jones vs. Warnock*, 67 *Ga.* 484; *Sharman vs. Walker*, 68 *Ga.* 148; *Cureton vs. Wright*, 73 *Ga.* 8.

Judgment affirmed.