## PATTERSON and Others *v.* REYNOLDS.

The person, making a Sinking Fund Commissioners' sale, made proclamation of the terms and conditions of said sale, standing, at the time, from two to four feet from the outer door of the court-house, in Indianapolis, on the court-house steps, in front of the door aforesaid, and then announced to the persons attending said sale, that, while crying said sale, he would stand inside the court-house door, on account of the inclemency of the weather, and he then went into the court-house and took a position in the judge's stand, which was just opposite the door of said court-house, and about fifty-three feet therefrom, in full view and hearing of persons at the door, and all the commissioners being present, in offering for sale, he first read the description of the land, and stated the amount due, and then inquired who would give that sum in cash for the first eighty acres in the mortgage, and receiving no bid, he then inquired who would give that sum for the second eighty acres in the mortgage, and receiving no bid, he then inquired who would give that sum for both tracts together, and receiving no bid, he

then inquired who would give that sum for the whole property, on a credit of five years, and, on receiving an affirmative answer, the land was declared forfeited, and bid in for the State; and he then inquired if any one would bid the amount bid by the State, for any less quantity than the whole, on said credit, and receiving no bid, he then sold the whole to the highest bidder, on said credit.

*Held,* that such sale was substantially at the court-house door, and was valid.

APPEAL from the *Tippecanoe* Circuit Court.

*Per Curiam.*—Proceeding to set aside a Sinking Fund Commissioners' sale. The sale was set aside below, mainly on the ground that it was not made at the court-house door, in Indianapolis, as, it was assumed, was required by law.

The facts touching the place and manner of sale are, substantially, these: "*John F. Carr,* one of said commissioners, who cried said sale, made public proclamation of the terms and conditions of said sale, standing, at the time, about from two to four feet from the outer door of the court-house, in Indianapolis, in this State, on the court-house steps, in front of the door aforesaid, and then announced to the persons attending said sale, that, while crying said sale, he would stand inside of the court-house door, on account of the inclemency of the weather, and that he immediately went into the court-house and took a position in the judge's stand, which was, at that time, immediately opposite the outer door of said court-house, and about fifty-three feet therefrom, on the same floor, in full view and hearing of persons at the court-house door, and that he occupied that position in full view and hearing of persons at the said court-house door, when the land in question was offered and sold, both to the said State of *Indiana* and to said *William Patterson.*" There were about one hundred and fifty persons in the court-house. "*Carr,* the commissioner who cried the sale, all the other commissioners being present, first read the description of the lands as described in the

mortgage of both tracts, and then stated the amount due; he then inquired who would give that amount in cash down for the first eighty acres described in the mortgage. There was no bid; he then asked who would give the amount due in cash down for the second eighty acres described in the mortgage. There was no bid; he then inquired who would give the amount due for the whole of both tracts together in cash down. There was no bid; he then inquired if there was any person present who would give the amount due for the whole property on a credit of five years, and on receiving an affirmative answer, the said land was then declared forfeited, and bid in for the State of *Indiana*, for the amount due. He then asked if any one would bid the amount for which the land had been bid in for the State, for a less quantity than the whole, on a credit of five years. No one offered to do so. It was then sold to the defendant, *William Patterson*, the highest bidder, on a credit of five years."

We think the sale was, substantially, at the court-house door, but do not decide that it could have taken place, under the statute, at no other point in Indianapolis, had the advertisement named another point. See *Perkins* v. *Spaulding*, 2 Gibbs' (Mich.) Rep. Nor do we decide that the sale may not be void for other circumstances not appearing herein. See, in connection with this case, *Maynes* v. *Moore*, 16 Ind. 116. *Bansemer et al.* v. *Mace et al.*, 18 *Id.*, p. 27.

The judgment is reversed, with costs. Cause remanded for another trial.

*R. C. Gregory* and *William Patterson,* for the appellants.
*Huff* and *Jones,* for the appellee.