RICHARD T. GILBERT *et al.*, plaintiffs in error, *vs.* THE COUNTY OF DOUGHERTY, defendant in error.

1. In view of the fact that the grand jury of the county of Dougherty, for the June term, 1872, of the superior court, recommended the ordinary to levy a tax sufficient to defray the county expenses for that year, and of the further fact that the general assembly passed the act of August 26th, 1872, authorizing the ordinary, on the recommendation of the grand jury, to levy an extraordinary tax for county purposes, over and above the per cent. now allowed by law, for the purpose of establishing a poor house and farm, and for defraying the current expenses of said county, etc., the order of the ordinary levying the extra tax under the authority of that act, was not void, and the defendant cannot protect himself, as tax collector, from paying over to the county the money he has collected from the tax-payers on that ground.

2. When the defendant pays over the money in his hands to the county treasurer, the order of the ordinary levying the tax, and the judgment of the court directing him so to pay the money, will afford him ample protection against the claims of the tax-payers.

3. The order of the ordinary levying the tax is the highest and best evidence of his intention as to the amount thereof, his conversation to the contrary notwithstanding.

County matters. Taxes. Ordinary. Judgment. Evidence. Before Judge STROZER. Dougherty Superior Court. October Term, 1873.

For the facts of this case, see the decision.

D. H. POPE; VASON & DAVIS, for plaintiffs in error.

G. J. WRIGHT, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that the ordinary of Dougherty county issued an execution against Gilbert, as tax collector for said county, and his securities, for the sum of $6,944 28, for money collected by him for the county in the year 1872, as provided by the 524th section of the Code. The defendant, Gilbert, filed an affidavit of illegality to said execution, on the ground (with others stated therein,) that the extra tax of two hundred and ten per cent. assessed by the ordinary on the state tax, was illegal and without authority of law, as the same was done without the recommendation of the grand jury of the county. By consent of parties, the case was submitted to the court for decision, under the evidence, without the intervention of a jury. The court overruled the affidavit of illegality, and ordered the execution to proceed; whereupon the defendant excepted.

1. It appears from the evidence in the record that the grand jury of Dougherty county, at the June term of the court in the year 1872, recommended the ordinary of that county to levy a tax for that year sufficient to defray the expenses of the county, and that the same be assessed specifically. What expenses the county had incurred does not appear, or whether the tax which the ordinary was authorized to levy under the general law of the state, would have been sufficint to defray it or not. But we find that the general assembly, on the presumed application of the representatives of the people of that county, passed a local act on the 26th of August, 1872, by which it

Gilbert *et al. vs.* The County of Dougherty.

is declared that the ordinary of Dougherty county, upon the recommendation of the grand jury thereof, be and is hereby authorized to levy an extraordinary tax for county purposes over and above the per cent. now allowed by law, for the purpose of establishing a poor house and farm, and for defraying the current expenses of said county, etc. If the expenses already incurred by the county, including the current expenses thereof for the year 1872, would exceed the amount which the ordinary was authorized to assess under the general law of the state, then the recommendation of the grand jury could not have been carried out without the enactment of a special law for that purpose. It is therefore a fair and legitimate presumption that the act of August, 1872, was passed in view of the recommendation of the grand jury of the county, made in June, 1872, for the tax had to be levied and collected for that year. Consequently, after the passage of the special act, the ordinary, on the 26th of September, 1872, passed the following order: "It is ordered by the court that the following per cent. be levied for the various purposes therein stated, upon the *ad valorem* state tax for county purposes for the present year, and that the tax collector of said county proceed immediately to collect the same, to-wit: For poor house purposes, thirty per cent.; for jury fund, sixty per cent.; for pauper purposes, fifteen per cent.; for expense of jail and repair of public buildings, twenty-five per cent.; for salary and commissions of county officers, twenty-five per cent.; for outstanding indebtedness and general purposes, fifty-five per cent.; total amount, two hundred and ten per cent." The report and recommendation of the grand jury, made at the October term of the court in 1872, was also put in evidence, from which it appears that the ordinary, under the recommendations of former grand juries, had purchased one hundred and fifty acres of land for a poor house at the price of $2,000 00, and they recommended that he proceed to have a suitable building erected thereon as soon as the necessary funds are collected, evidently contemplating the funds which were to be collected from the extra tax recommended by the grand jury at the previous

June term of the court in 1872, and authorized to be assessed by the ordinary by the special act of August, 1872. In assessing the extraordinary tax before recited, the ordinary evidently intended to carry out the recommendation of the grand jury made in June, 1872, as authorized by the act of August, 1872, for he assessed the tax specifically as recommended by them. The extraordinary tax authorized to be levied by the ordinary, upon the recommendation of the grand jury, for county purposes, over and above the per cent. allowed by law, for the purpose of establishing a poor house and farm, and for defraying the current expenses of the county, is not limited to any specific per cent. by the act of 1872. The grand jury, in June, 1872, recommended that the ordinary levy a tax sufficient to defray the expenses of the county, leaving the amount to be determined by the ordinary, and, in our judgment, the act of August, 1872, was passed to enable the ordinary to carry out that recommendation, and in full view of it, and that was the recommendation of the grand jury to which the act had reference, inasmuch as the extra tax was to be levied and collected in the year 1872. If the ordinary levied a higher rate of tax than was necessary for the purpose of establishing a poor house and farm, and for defraying the expenses of the county, then any tax-payer of the county could have restrained him, under the 503d section of the Code. But it is not the tax-payers of the county who are complaining that the extra tax levied by the ordinary was exorbitant or illegal, but it is the tax collector, who has collected the tax levied by the ordinary from the tax-payers, who refuses to pay over the money he has thus collected to the county, for the benefit of the people who have paid it, on the ground that the ordinary had no legal authority to levy it. In view of the fact that the grand jury of the county, at the June term of the court, 1872, recommended the ordinary to levy a tax sufficient to defray the county expenses for that year, and in view of the further fact that the general assembly passed the act of August, 1872, to enable the ordinary to carry that recommendation into effect, the order of the ordinary levying

the extra tax, under. the authority of that act, was not void, and the defendant cannot protect himself, as tax collector, from paying over to the county the money which he has collected from the tax-payers, on that ground. Whilst we should construe the act of 1872 strictly in favor of the tax-payers of the county, yet, in view of the facts as disclosed in the record, we feel bound to give a liberal interpretation to that act as against the defendant, who has collected the tax from the tax-payers of the county, and has the money in his pocket, and refuses to pay it over to the county, on the ground that it was illegally assessed and collected.

2. When the defendant pays over the money in his hands to the trustee of the people of the county, for their benefit, the judgment of the ordinary levying the tax, and the judgment of the court directing him so to pay the money, will afford him ample protection against the claims of the tax-payers from whom he collected the money in his hands under the order of the ordinary.

3. As to the talk between the ordinary and defendant about having levied more tax than he intended, the answer is, that the order of the ordinary was the highest and best evidence of his intention, and until that order was revoked, or set aside, it was binding on the ordinary and the defendant, their outside talk to the contrary notwithstanding.

Let the judgment of the court below be affirmed.