## LONGWORTHY *vs.* FEATHERSTON.

65 165
113 646

1. An entry on a *fi. fa.* in these words : "I have levied this *fi. fa.* on the house and lot formerly owned by J. D. Waddell, and now occupied by Henry May (and other property similarly identified), all situate in Cedartown, in Polk county, as the property of Charles W. Longworthy, non-resident, the same having been originally attached," contains a sufficient description of the property, and the *fi. fa.*, with such an entry on it, will not be rejected from evidence because of uncertainty of description.

2. The court-house of Polk county was burned; no other had been built, and no place permanently rented for court purposes. By special arrangement, court was held twice a year in a school-house, but at other times it was used for private purposes. The clerk's office was in a rented room at another place. On sale day the sheriff went to the site of the burnt court-house, and (the sun being hot) adjourned the sale to a grove near by and in full view. The sale was well attended, and the property brought full price :

*Held*, that the sale was not void, and one who paid full price, and whose money was applied to the execution against defendant in *fi. fa.*, obtained a good title.

Levy and sale. Evidence. Sheriff. Title. County matters. Before Judge SIMMONS. Polk Superior Court. August Term, 1879.

Longworthy brought ejectment against Featherston. The jury found for defendant, and plaintiff excepted. For the other facts see the decision.

W. F. TURNER; I. F. THOMPSON; BROYLES & JONES, for plaintiff in error.

WRIGHT & FEATHERSTON; BLANCE & KING, for defendant.

JACKSON, Justice.

A tract of land belonging to Longworthy was sold by the sheriff to pay his debts, under levy of executions against him, and Featherston became the purchaser, and

was put in possession thereof. Some years thereafter, Longworthy sued for the recovery thereof from Featherston, on the ground that the sheriff's sale was illegal. Two points are made in the record and insisted upon here : One that the levy described the land insufficiently, and the other, that the sale was not before the court-house door.

1. The levy is in these words :

"I have levied this *fi. fa.* on the house and lot formerly owned by J. D. Waddell, and now occupied by Henry May, on the office formerly owned by Chisolm & Waddell, now occupied by Liddel & Chisolm, and on the house and lot formerly owned by V. B. Burton, and now occupied by W. W. Garrett, all situated in Cedartown, in Polk county, as the property of Charles W. Longworthy, non-resident, the same having been originally attached."

Objection was made to the introduction of the *fi. fa.* with this levy thereon, because it did not sufficiently describe the property, but the court admitted the *fi. fa.* We think that the levy was sufficient to authorize the execution to be admitted in evidence. A house and lot in a town wherein a certain man then (at the date of the levy) resides, is a description by which the property can be identified, particularly when aided by its having been attached, and known as the former property of another citizen. See 12 *Ga.*, 440 ; 53 *Ga.*, 191 ; 59 *Ga.*, 711. Herman on Executions, 381-2 ; Freeman on Ex., 281.

The words "as the property" mean that the entire estate is levied on, and the interest of defendant is sufficiently set out in the levy.

2. The court-house was burned down. No new one had been built, and no place rented for a court-house. The superior court was held twice a year at an academy, but school was kept there, and the county only engaged it temporarily *at the time* and for the time the superior court sat, and it remained and was private property. The clerk's office was in a rented room at another place. Where the other county officers kept theirs the record does not tell us.

Under these circumstances the sheriff went to the site of the burnt court-house and the weather being hot he made proclamation and took the crowd to a shade some hundred or hundred and fifty yards off in full view of the court-house site, and there sold the property to the highest and best bidder, at a fair and full price. The sale was fully attended and it appears that the property brought full price ; and under the peculiar facts and circumstances of this case, we think that the purchaser who paid full price, and whose money, paid for this land, was applied to the executions against this plaintiff, should be protected. The court-house here was burnt, no other had been built, no other had been rented by the year, or for any term of years, as a court-house—the academy had not been so rented, but was merely used by arrangement with the owner made twice a year to hold the superior court there, and the balance of the time he kept school therein, and on the day of this sale the school was kept there. There was then no court-house in the county at the time of the sale. Must sheriff sales therefore cease, and no title pass to property at them, and no judgment be enforced, and all the wheels of justice stop running? We think not. The sale ought not to have been at the academy ; the sheriff and bidders would have been trespassers on the school and school master and his private property. It ought not to have been at the clerk's office ; that was in a private building, and in no sense the court-house, for it does not appear that any court ever was held there ; the record shows no other place where to sell but the court-house site, still the county property and whereon in time the court-house would be rebuilt ; for convenience and the comfort of shade, and with no hurt to anybody, the sheriff proclaimed to the crowd assembled there within the hours of sale that he would go over to a grove in full view, and there everybody went and the sale took place. These circumstances take this case without the cases cited by the counsel for plaintiff in error, who argued the case

with much learning and ability, and we affirm the judgment upholding the validity of the sale.

The sale by the sheriff should be at the court-house, if there be one, either owned or rented by the county authorities ; but if there be but the ashes of one, and none other substituted, the sheriff may sell there, or in full view of it, after proclaiming within the hours of sale to the assembled bidders that they would go to a shady place hard by to escape the oppressive heat of the sun ; and one who buys for full value at such a sale will be protected by the sheriff's title against the defendant in execution.

Judgment affirmed.