Morrissey and others, Respondents, vs. Dean, imp., Appellant.

*October 2 — October 22, 1897.*

*Mortgage: Foreclosure by advertisement: Sale, by whom and how made: Certificate of sale: Deed.*

1. Where a power of sale on default, contained in a mortgage, authorizes the mortgagee, "her heirs, administrators, executors, or assigns," to sell the premises at public auction, pursuant to the statute, but does not appoint any particular person to make the sale, it may, under sec. 3528, R. S., be made by the sheriff, under sheriff, or a deputy sheriff of the county.   In making such sale the relation to it of each such officer is official and not personal, and a sale advertised to be made by N. D., sheriff, may lawfully be made by his under sheriff.

2. In case a sale under such advertisement is made by an under sheriff, it is competent, under sec. 3532, R. S., for the sheriff to make the certificate of sale; and it is also competent, under the provision of sec. 3534, for the successor in office of such sheriff, in case the premises are not redeemed, to complete the sale by making the final deed.

3. A sale under a power of sale contained in a mortgage was advertised to be held on the mortgaged premises, and was opened there, but was adjourned, on account of a severe storm suddenly coming up, to a building less than six hundred feet distant, and, all persons present going there, it was completed there about twenty-five minutes later.   In the absence of evidence that anybody was prejudiced by such adjournment, *held,* that the sale was valid.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This action was brought by certain heirs at law of Alice Morrissey, who died intestate April 25, 1882, seized in fee of lots 10 and 11 in block 211 in Murray's addition to the city of Milwaukee, and in the Eighteenth ward, subject to a mortgage thereon executed February 25, 1874, to one Jane Hiles by said Alice Morrissey and her husband, John, to secure the payment of a note executed by them to said Jane Hiles for $300, payable two years after date, with interest at the rate of ten per cent. per annum. Jane Hiles assigned the note and mortgage to Hiram Jones. The mortgage and assignment were duly recorded. The assignee, Jones, proceeded to foreclose said mortgage under the power of sale contained in it, and gave notice of a sale of said premises by advertisement in the usual form, which stated, among other things, that said sale would be made by Newell Daniels, sheriff of the county, at the premises, in the city of Milwaukee, on the 9th day of February, 1888, at 10 o'clock a. m. It was alleged in the complaint that the premises were not sold pursuant to such notice, or in the manner provided by law, in that the sale was not made or conducted by said Newell Daniels, sheriff of said county, but by one Peter Van Vechten, Jr., in the absence of said Daniels; that it was not made at the time or place specified in said notice, but in the saloon of the defendant *Dean*, the purchaser. Newell Daniels, the sheriff of the county, executed to *Dean* a certificate of sale, which was recorded in the office of the register of deeds; and it is characterized as a pretended and fraudulent certificate, and it was alleged that its recitals were untrue. On the 19th day of April, 1889, John F. Burnham, then sheriff of Milwaukee county, and successor in office of Newell Daniels, made, executed, and delivered, pursuant to said certificate, a deed purporting to convey the mortgaged premises to defendant *Dean*, which

is claimed to be wholly void and of no effect, and that said
Burnham, as such sheriff, had no authority in law to make
the same.   The complaint claimed an account of rents and
profits, etc., and alleged that the plaintiffs were ready and
willing to pay what should be found due on the mortgage;
and the prayer was that the plaintiff be allowed to redeem
said premises on payment of what might be found due in
respect to principal and interest, and for other relief.   Plaint-
iffs pleaded and put in evidence the proceedings for foreclos-
ure, and the certificate of sale and deed thereunder, in sup-
port of their claim to redeem.   The mortgage sale was for
the sum of $1,465 paid thereon, and it was claimed by the
plaintiffs that the sale was void, and should be set aside for
inadequacy of consideration.   Considerable testimony was
given on the trial upon this point, but the court found that
this contention had not been sustained.

The plaintiffs' claim (1) that the foreclosure sale was void
because it was not made by Newell Daniels, the sheriff named
in the notice, but was made by Peter Van Vechten, Jr., the
under sheriff; (2) because Peter Van Vechten, Jr., the under
sheriff, who made the sale, did not execute the certificate of
sale and the sheriff's deed,—as to which matter the facts
are as already stated; (3) that the sale was void because it
was not made at the time or place designated in the notice
of sale.   The sale was opened by Under Sheriff Van Vech-
ten, at the time and place stated in the notice; Newell Dan-
iels, the sheriff, not appearing and not taking any part in
or control over the proceeding.   The day was very stormy
and inclement, and a violent hailstorm rendered it intoler-
able to remain outdoors.   Under Sheriff Van Vechten ad-
journed the sale to the building occupied by the defendant
*Dean* as a saloon, 575 feet east of the premises described.
There was evidence tending to show that, when the adjourn-
ment of the sale to the saloon was made, public announce-
ment was made by the said Van Vechten, conducting the

sale, that it would be continued and finished in the building
of the said *Dean*, which was in plain sight of the mortgaged
premises, on the corner of Farwell and North avenues, and
that all who were in attendance when the sale was opened
accompanied the under sheriff to said place, where the sale
was concluded; and there was no evidence to show that any
person desiring to bid on the premises was prevented from
so doing by the change of the place of sale, but the court
declined so to find.

The record shows that counsel for the parties, in open
court, stipulated and agreed to certain facts, among which
are the following: That there were six or eight persons pres-
ent at the time the sale was opened, and that Newell Dan-
iels was at no time on the ground; that Van Vechten received
several bids to the amount of $700 or $800, the parties re-
maining on the premises about twenty or twenty-five min-
utes, and until a violent hailstorm rendered it intolerable;
that Van Vechten then adjourned the sale on account of
such inclemency, as already stated, and he, "including the
bidders, went to the defendant *Dean's* saloon, on the corner
of North and Farwell avenues, 575 feet east of the premises
described, to which place such sale was then publicly ad-
journed by Peter Van Vechten; that said under sheriff took
with him the red flag, and fastened it up at *Dean's* corner,
where it could be seen from said premises; that all the per-
sons present at such sale at the time followed Peter Van
Vechten to defendant's saloon; that upon arriving at and
entering the saloon, and while in defendant's saloon, Peter
Van Vechten, as such under sheriff, again offered the prem-
ises for sale, first one lot, and then the other, separately,
and, receiving no bids for the lots when so offered, he pro-
ceeded to sell them together, and, after receiving a number
of bids, knocked the lots down to the defendant *Cornelius
Dean* for the sum of $1,465, which sum was paid; and that
it was probably twenty-five minutes after the parties got into

the saloon that the sale was made. The certificate of sale executed and recorded was signed by Newell Daniels, sheriff of Milwaukee county, and was to the effect that he had made the sale as therein stated, and at the time and place stated in the notice, by his under sheriff, Peter Van Vechten. There was testimony tending to show that the premises could not be seen from the place where the sale was so made.

The court found, among other things, that no valid certificate of sale was ever made, in that the certificate of sale was not made by the officer or other person making the sale, and that, among other things, the following recitals in said certificate of sale are untrue, to wit: (1) That Newell Daniels made said sale; (2) that the sale was made upon the premises, at the corner of North avenue and Oakland avenue; (3) that the sale was made at the said place at the time mentioned in the notice of sale; (4) that the premises were struck off to *Cornelius Dean* by Newell Daniels. The court found that similar recitals contained in the deed of John F. Burnham, sheriff, to defendant *Dean* were in like manner untrue, and that the statements in the affidavit of Peter Van Vechten, made pursuant to sec. 3537, R. S., conflicting with the findings of the court, were untrue.

The court found (1) that plaintiffs were entitled to the relief prayed for; (2) that the proceedings had to foreclose said mortgage by advertisement were null and void; (3) that the plaintiffs be permitted to redeem the premises from said mortgage, by paying to the defendant the sum that might be found due him, if any, and that the defendant *Dean* be subrogated to the rights of the assignee of the mortgage; (5) that the plaintiffs have an accounting with the defendant *Dean* in respect to principal and interest of the mortgage, and of the rents and profits of the mortgaged premises, etc.; (6) that defendant *Dean*, and all claiming under him, be barred of any right, title, or interest in or to the prem-

Morrissey and others vs. Dean.

ises, and that the entry of final judgment be stayed until the coming in and confirmation of the report of the referee.

Various exceptions were taken to the findings of fact and conclusions of law. A reference was executed, and various exceptions were taken to the referee's report, not material here. Final judgment was rendered, allowing the plaintiffs to redeem on the payment of $563.89, with interest from June 1, 1896; and judgment was rendered accordingly, from which the defendant *Dean* appealed.

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Charles Quarles.* To the point that the conduct of a foreclosure sale under a power of sale is an official act, and may be done by a deputy, or an under, sheriff, and the certificate and deed be given by the sheriff, they cited *Nebraska L. & B. Asso. v. Marshall,* 71 N. W. Rep. 63, 64; *Wilson v. Russell,* 4 Dak. 376; *Hodgdon v. Davis,* 6 id. 21; *Heinmiller v. Hatheway,* 60 Mich. 394; *Bond v. Carroll,* 71 Wis. 348.

*J. C. Kerwin* and *Adolph Huebschmann,* for the respondents.

PINNEY, J. 1. The statute in relation to foreclosure of mortgages, under which the sale in question was made, provides (sec. 3528, R. S.) that the sale "shall be made by the *person appointed* for that purpose *in the mortgage,* if any, or by the sheriff, under sheriff or deputy sheriff of the county, to the highest bidder." There was no one specifically named in the mortgage to execute the power of sale. The mortgage was to the effect that in case of default "it shall or may be lawful for the said party of the second part, her heirs, executors, administrators, or assigns, . . . to grant, bargain, sell, release, and convey the said premises, with the appurtenances thereunto belonging, at public auction or vendue, and on such sale to make and execute to the purchaser or purchasers, his, her, or their heirs and assigns, for-

Morrissey and others vs. Dean.

ever, good, ample, and sufficient deeds of conveyance in the law, pursuant to the statute in such case made and provided." The assignee of the mortgage, in the *notice of sale*, stated that it would be made "by Newell Daniels, sheriff of the county of Milwaukee, at public auction, at," etc. The statute did not require that any one should be named in the notice for that purpose, and it seems that a notice without such designation would be valid. *Maxwell v. Newton*, 65 Wis. 264.

It is contended that the power of sale was vested in each of the class of persons mentioned in the mortgage, and depended wholly upon contract, and was a power coupled with an interest, and that each of them had the right to appoint some one to make the sale. The statute (sec. 3528) provides that the sale "shall be made by the person appointed for that purpose in the mortgage, if any, or by the sheriff, under sheriff or deputy sheriff of the county, to the highest bidder;" and it was contended that as Newell Daniels, sheriff of Milwaukee county, was named in the notice to make the sale, it was required to be made by him, and could not be made by the sheriff, under sheriff, or deputy sheriff of the county, as provided by the statute, and, if made by any person holding such official position, his authority and relation to the transaction were personal, and not official. The statute undoubtedly enters into, and becomes a part of, every mortgage containing a power of sale. It is certainly applicable where the mortgage does not designate, and the mortgagee or his assignee fails to designate, any person to make the sale, or the party designated fails to appear and act. This is in order that there may be no legal embarrassment, delay, or difficulty in making the sale. Whatever authority may have been conferred by the designation of Newell Daniels, sheriff, etc., in the notice of sale, to make the sale, it was, in our judgment, subordinate and subject to the statute provision authorizing the sheriff, under sheriff, or deputy sheriff to make the sale. The relation of each such officer

Morrissey and others vs. Dean.

to the transaction is clearly official, and not personal, and, if he acts, he performs the duty by virtue of his office and by force of the statute.

The statute further provides (sec. 3532) that the *officer* or other person making the sale shall make the certificate of sale. And sec. 3534 provides that, if the premises are not redeemed, "the officer, or his successor in office, or other person who shall have sold the same, or his executor or administrator, or some person appointed by the circuit court for the purpose, shall complete such sale, by executing a deed of the premises so sold to the original purchaser, his assignee," etc. Undue importance seems to be placed on the fact that Newell Daniels, sheriff of Milwaukee county, had been named in the notice of sale to make the sale. Conceding that the party or person named in the mortgage to make the sale had a power coupled with an interest, yet if, for any reason, he could not or did not act, inasmuch as the making of the sale involved a mere ministerial duty which might be performed by the sheriff, under sheriff, or deputy sheriff, in the absence of the person named to make the sale, it was competent that either of such officers should make it and execute the certificate of sale specified in sec. 3532. Sec. 3533 provides that redemption is to be made by payment to the purchaser, his executors, etc., or to the then sheriff, under sheriff, or deputy sheriff, of the sum of money bid, with interest, etc.; and sec. 3534, that, if the premises shall not be redeemed, "the officer, *or his successor in office, or other person* who shall have sold the same, or his executor or administrator, or some person appointed by the circuit court for the purpose, shall complete such sale, by executing a deed of the premises so sold to the original purchaser, his assignee," etc. It would seem that the statute contemplates that when the sale is made by a private person designated in the mortgage, or by the mortgagee, when the proper time for making the deed arrives he might not be living or competent to make the same; hence

the provision allowing his executor or administrator, or some person appointed by the circuit court, to complete the sale by executing the deed of the premises so sold. If the sale had been made by the sheriff, under sheriff, or deputy sheriff, there would be no occasion for such a proceeding, as such officer, or his successor in office, by virtue of his relation by the statute to the transaction, is authorized to do all that is necessary to carry the sale into effect. And sec. 3533 provides that redemption may be made by paying to the purchaser, his executors, etc., "or to the then sheriff, under sheriff, or deputy sheriff," the amount necessary for that purpose, "and that the bail of the said sheriff shall be responsible for the faithful payment to the purchaser of all moneys received by him or any of his deputies aforesaid."

The construction of the statute is to be made upon all its provisions, and with reference to the nature of the proceeding and the purpose evidently intended to be accomplished. We think that the sale was rightly made, *in fact,* by the under sheriff, Van Vechten, though in point of law by Sheriff Daniels, and the deed was properly executed by Sheriff Burnham, as his successor in office. Van Vechten acted in the name and stead of Sheriff Daniels, and his acts relating to and following the sale must be regarded, we think, as the official acts of Sheriff Daniels,— as much so as if he were present in person, actually performing the duty under the statute, in making the sale; and our conclusion is that the deed was rightly executed by Sheriff Burnham. *Wilson v. Russell,* 4 Dak. 376. The power of sale in the mortgage did not confer on the mortgagee such a special personal trust that it could only be executed by him in person, but purely a ministerial duty, which might be performed by him through an auctioneer or agent, or by a public officer, or by an officer designated by the statute. *Palmer v. Young,* 96 Ga. 246. The several acts performed by these officers were, in judgment of law, not their personal, but their official, acts, under

the statute. The statute is not framed with accuracy and clearness, and it is difficult to make a consistent and practical application of its provisions to the different cases that arise. The views that we have indicated, we think, are clearly implied by the statute, and what is implied in the statute is as much a part of it as what is expressed. *U. S. v. Babbit,* 1 Black, 61; *Supervisors of Wood Co. v. Lackawanna I. & C. Co.* 93 U. S. 624. In the view we have taken of the law, the criticisms upon the certificate of sale and deed possess no real significance. We think they are good in substance.

2. The finding that the sale was not made at the time or place designated in the notice of sale is, we think, erroneous, resting upon a strict and technical, rather than a reasonable and practical, view of the stipulated facts and the evidence already set forth. After the sale was opened at the place designated in the notice, it proceeded with reasonable dispatch, in view of the situation and circumstances, until it was concluded. In view of the facts stipulated, the under sheriff, in the exercise of a very proper and reasonable discretion, adjourned the sale to the place where it was completed; it having become impossible to conclude it at the place appointed, from the inclemency and fierceness of the storm. The law relating to such sales is to be construed strictly, but not with an unreasonable degree of strictness, so as to defeat the proceeding and the practical execution of the law. The under sheriff publicly adjourned the sale to the place where it was concluded, took the red flag he had displayed when he opened the sale at the place appointed, fastened it up at *Dean's* corner, where it could be seen from the premises; and all the persons present at the sale at the time followed him thither, where he again opened the sale within about twenty-five minutes after, and, after receiving a number of bids, the premises were struck off to *Dean,* as the purchaser. The most that can be urged against the sale is that

it may be considered irregular. We do not think it was void. There is nothing to show that any one was prejudiced by the course pursued.

"Statutory foreclosures are not to be treated as subject to the same rigorous rules that apply to proceedings *in invitum* contrary to the rules of the common law, and intendments are not to be made against them. No doubt, every statutory requirement must be adhered to; but these are sales by contract, where the proceeding is authorized by the mortgagor himself, to save the expense and trouble of foreclosing in equity. Such titles would be worthless if any unreasonable restrictions were laid on them. No substantial right should be destroyed, and no statutory limitation overlooked, but all its provisions must be reasonably construed." Per CAMPBELL, J., in *Lee v. Clary*, 38 Mich. 228. Where a sale had been advertised to take place at the court house, but it had been destroyed by fire and none other substituted, it was held that the sheriff might sell upon the site of the old one, or in full view, after proclaiming, within the hours of sale, to the assembled bidders, that they would go to a shady grove, hard by, to escape the oppressive heat of the sun; and the sale there made, for a fair price, was upheld. *Longworthy v. Featherston*, 65 Ga. 165. So where, in consequence of the occupancy of the court house by the United States troops, an execution sale was made at the front door of a neighboring church, used at the time for a court house, it was held valid. *Kane v. McCown*, 55 Mo. 182. And a sale opened at the front door of a court house, where, on account of the inclemency of the weather, all in attendance retired to the court room, where the sale was made, was in like manner sustained. *Patterson v. Reynolds*, 19 Ind. 148. While neither of these cases may be said to be of controlling authority, they all tend to show that a sale fairly made will not be set aside or held void for mere irregularities; there being no evidence to show that the mort-

gagor, or those claiming under him, were injured or prejudiced thereby.

Upon the facts appearing in the record, we think that by the mortgage sale and deed executed thereon the mortgage was effectually foreclosed, and the equity of redemption claimed by the plaintiffs was barred, and that the present action for redemption cannot be maintained.

*By the Court.*— The judgment of the circuit court must be reversed, and the cause remanded with directions to dismiss the complaint.