10937.  BRANTLEY v. CLIFTON, administrator.

BROYLES, C. J.   1. Where the court-house of a county had been burned, and no other *permanent* place had been rented for court purposes, an administrator's sale held at the site of the burned court-house was not void for the reason that after the destruction of the court-house the terms of the superior court of the county were held in a public-school building, under an order of the judge that they be held there "until suitable provision has been made," it further appearing that when the court was not in session the building was used for school purposes, and that the clerk of the superior court, the ordinary, and the sheriff all had their offices in another building. See, in this connection, *Longworthy* v. *Featherston*, 65 *Ga.* 165.

2. The court did not err in refusing to direct a verdict for the defendant, as a refusal to direct a verdict is never error.

3. Where an administrator elects to resell land àt the purchaser's risk, he should offer it for resale as soon as practicable, and it is a question for the jury whether the second sale occurred as soon as practicable, and, if not, whether the administrator delayed an unreasonable time in offering the land for resale. *Roberts* v. *Smith*, 137 *Ga.* 30 (2) (72 S. E. 410). In the instant case the first sale of the land occurred on the first Tuesday in December, 1917, which was December 4th. The purchaser, either on December 5th or 6th, refused to comply with his bid. A glance at the calendar will show that it might have been possible to advertise the resale of the land in time for the second sale to occur on the first Tuesday in January, 1918. The administrator, however, advertised the resale of the land in January, 1918, and the second sale was held on the first Tuesday in February, 1918. Whether, under all the facts of the case, it was practicable for the administrator to have advertised the resale of the property in time to resell it on the first Tuesday in *January*, 1918, and, if so, whether he delayed an unreasonable time in starting the advertising, are questions which should have been submitted to the jury; and the court therefore erred in directing a verdict for the plaintiff.

*Judgment reversed.  Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 27, 1920.

Complaint; from Toombs superior court—Judge Hardeman. August 28, 1919.

*Williams & Corbitt,* for plaintiff in error.

*Lankford & Rogers,* contra.