## 10258.  WRIGHT v. SALVATION ARMY.

1. The execution issued by the city against the property described therein as belonging to C. W. Wright and as "the property fronting 24 feet at 502 Broad street" was not void because of indefiniteness of description of the property, under the facts of this case.
2. The evidence authorized a recovery for breach of warranty by reason of the lien of the city against the property sold by the defendant to the plaintiff.
3. No material error of law appears to have been committed on the trial, and the judgment rendered was not erroneous for any reason assigned.

DECIDED JANUARY 28, 1920.

Action for breach of warranty; from city court of Floyd county —Judge Nunnally.  November 12, 1918.

The Salvation Army, a corporation, sued C. W. Wright for damages in the sum of $300, alleging, in substance, that in December, 1910, the plaintiff purchased from the defendant a certain lot of land situated in the City of Rome, Georgia, to which the defendant executed warranty deeds to the plaintiff, dated December 29, 1910, and August 16, 1912, thereby warranting the title to the property as free from the claims of any one whomsoever; that on May 7, 1919, the City of Rome issued a fi. fa. against the said C. W. Wright and the said property for $183.49 principal, and interest thereon and costs, and the said property was levied upon and on

the first Tuesday in September, 1915, was sold by the City of Rome and bought in by the city for $300; that the plaintiff, to lessen its damage as much as possible, has agreed to buy the property from the city for said sum $300, as provided by law for the redemption of property sold for taxes; and that the defendant has breached his contract of warranty, and the breach has injured and damaged the plaintiff in the sum of $300, for which judgment is prayed. Copies of the deeds and fi. fa. were attached to the petition. The land described in the deeds was a lot fronting 24 feet on the east side of Broad street in the City of Rome, and running back 90 feet, on which a certain building was situated, and the purchase-price was $3,000. The fi.fa. was for an assessment for street paving. The defendant in his answer denied the allegations of the petition. The case was tried by the court without a jury, and judgment was rendered against the defendant for $273 as principal, and $60.05 as interest to November 12, 1918, the date of the judgment. In the defendant's bill of exceptions this judgment "is assigned as error upon the following grounds, to wit: 1st. Because judgment is contrary to law. 2d. Because it is contrary to evidence and without evidence to support it. 3d. Because plaintiff in error contends that the evidence shows that there has been no evidence of sale by the marshal of Rome, as alleged in the petition, and thereby no sale made, and there could be no recovery under suit as brought. 4th. Because the evidence showed that no sale had ever been made by the marshal of the City of Rome, as alleged in the petition, in that no deed had ever been executed by the marshal to the City of Rome, or by the City of Rome to the Salvation Army, as alleged in the petition. 5th. Because the court erred in admitting in evidence the evidence of Hugh McCrary that the property in controversy was sold by the marshal of Rome on the first Tuesday in September, 1915, over the objection of defendant's attorney that the same was incompetent, and that a sale could only be shown by the marshal's deed conveying property at marshal's sale. 6th. Because unquestioned evidence was that the fi. fa. under which the alleged sale was claimed had been materially altered after the same was issued, by writing therein in pencil description of property levied upon, and further because the execution as originally issued without this pencil description of the property was a nullity, in that it was an excution in rem

45

without giving any description of property sought to be subjected thereto." The fi. fa. as issued directed that "of the goods, chattels, lands and tenements of C. W. Wright, and especially of the property fronting 24 feet at 502 Broad street," the marshal cause to be made the amount stated. From the evidence it appeared that pencil additions to the description were afterwards made by some person other than the clerk of council who issued the fi. fa. In the brief of counsel for the plaintiff in error it was contended that the fi. fa. was void because of indefiniteness of description of the property; that a marshal's sale could be shown only by a deed executed by the marshal, and that "the plaintiff alleged that the breach occurred not by reason of an outstanding fi. fa. of which it had no notice, but by reason of the fact that the property had been levied upon and sold by the marshal."

*M. B. Eubanks,* for plaintiff in error.

*Denny & Wright,* contra, cited: 96 *Ga.* 360 (2), 364; 131 *Ga.* 347; 7 *Ga.* 228 (2); 132 *Ga.* 349; 135 *Ga.* 628 (4). See 74 *Ga.* 793 (1).

BROYLES, C. J. C. W. Wright sold under a warranty deed certain real property in the City of Rome, Georgia, to the Salvation Army. Prior to this sale the city issued an execution against the property for its proportionate cost of street improvements, and after the sale this execution was levied upon the property, and was paid off by the Salvation Army. Suit was subsequently brought by the Salvation Army against Wright, to recover the amount so paid, with interest, and the judge, sitting without the intervention of a jury, rendered a judgment in favor of the plaintiff and against the defendant for the principal sum of $273, and $60.05 interest, and the defendant excepted.

The property was described in the execution as belonging to C. W. Wright, and as "the property fronting 24 feet at 502 Broad street." Upon the trial the following undisputed facts were shown: The City of Rome had a regular system of numbering streets, and Broad street was one of the streets numbered. 502 Broad street was a definite piece of property in the City of Rome, and there was no other No. 502 Broad street in the city. The property at 502 Broad street extended back about 90 feet and contained a two-story brick building, and immediately in the rear of this property the defendant owned other realty, which was not

separated from this property by any fence, enclosure, or other physical evidence of demarcation. All the necessary conditions precedent to the issuance of the fi. fa. had been complied with, in accordance with the laws and the charter of the City of Rome. The property was duly advertised for sale, and, in accordance with the advertisement, was sold by the marshal to the City of Rome, although no deed was made by the marshal to the city, the usual custom being not to execute such a deed until the end of the year, when the redemption period had expired. Subsequently the Salvation Army paid off the fi. fa. When the fi. fa. was issued and demand was made on Wright for payment he refused to pay it, and he verbally so notified the Salvation Army when he sold it the property, before he executed the warranty deed to it.

In our opinion the description of the property in the fi. fa. was not so indefinite as to render the fi. fa. void. See, in this connection, *Collier* v. *Vason,* 12 *Ga.* 441; *Oatis* v. *Brown,* 59 *Ga.* 711; *Longworthy* v. *Featherston,* 65 *Ga.* 165 (1), 166; *Collins* v. *Boring,* 96 *Ga.* 360 (23 S. E. 401); *Hawkins* v. *Johnson,* 131 *Ga.* 347 (1) (62 S. E. 285).

It appears undisputed that Wright had actual notice of the issuance of the fi. fa., and at least constructive notice of the levy and of the duly advertised sale of the property.

The judgment rendered by the court was authorized by the evidence, and no material error of law appears to have been committed upon the trial. Substantial justice has been done, and for no reason assigned is a new trial required.

*Judgment affirmed. Luke J., and Bloodworth, J., concur.*