OLIVER *v.* WAYNE, administratrix.

GILBERT, Justice. 1. The power of sale contained in the security deeds was sufficient to effect the purpose of the contracting parties. It is not necessary that such power shall contain a stipulation of "time, place, and manner of sale." Compare *Calloway* v. *Peoples Bank*, 54 *Ga.* 441; *Plainville Brick Co.* v. *Williams*, 170 *Ga.* 75, 80 (152 S. E. 85).

2. "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale shall be that pointed out for public sales." Code, § 37-607. See *Garrett* v. *Crawford*, 128 *Ga.* 519 (3) (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167); *Carrington* v. *Citizens Bank of Waynesboro*, 140 *Ga.* 798 (80 S. E. 12); Ga. L. 1935, p. 381, sec. 2.

3. The advertisement of the sale under the power contained the statement, among others, that the property "will be sold before the court-house door of Hall County . . on Tuesday the 1st day of September 1936, within the legal hours of sale," etc. The advertisement gave all the notice required by law. No person wishing to bid on the property had reason to be misled or prevented from bidding.

4. A sale under the power, made before or near the place where the courthouse door was before its destruction would comply with the law. *Longworthy* v. *Featherston*, 65 *Ga.* 165 .(2). See also *Slate* v. *Blue Ridge*, 113 *Ga.* 646 (4) (38 S. E. 977) and *Brantley* v. *Clifton*, 24 *Ga. App.* 686 (101 S. E. 919). Since the sale did not take place, because of the supersedeas, the sale must be readvertised. It is suggested that the new advertisement specify expressly that the sale will be as indicated herein.

5. The court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

No. 11599. NOVEMBER 11, 1936.

318

*E. C. Brannon,* for plaintiff.　*G. Fred Kelley,* for defendant.