## 50304. HOOD OIL COMPANY v. MOSS.

Evans, Judge.

Following the foreclosure of a loan deed on real property in Butts County, Georgia, an application for confirmation of the sale was filed as Case No. 923 in Butts Superior Court. On October 16, 1969, an order of confirmation was entered by the court. On January 20, 1970, a motion to open default was filed in that case with plea and answer attached.

Following the confirmation order, the applicant for confirmation filed a petition seeking a deficiency judgment, which was styled as Case No. 941, the exact date of filing not being shown by the record. Thereafter, it seems that Case No. 923 and Case No. 941 were treated as one case.

Thereafter, on August 20, 1974, a hearing was held in Case No. 923. It appears that the court treated this as a hearing also in Case No. 941. The court determined and found that the property involved was advertised for sale on the first Tuesday in August, but was not actually sold until the first Tuesday in September. He held that the order of confirmation of the sale dated October 16, 1969, in Case No. 923, was therefore null and void and that same should be set aside, and he entered this order in Case No. 941 so declaring. The court also provided in his judgment that a true copy of this judgment be inserted in Case No. 923.

Following this order, plaintiff filed a motion for new trial, which he styled as Case No. 923. This motion for new trial was denied on October 11, 1974, and plaintiff appeals. *Held:*

1. There is no magic in mere nomenclature, hence the pleading, styled "motion for new trial" will be treated as an attack upon the order of August 20, 1974, on the grounds therein stated. See *Girtman v. Girtman,* 191 Ga. 173, 180 (4) (11 SE2d 782). Particularly is this so as the order of August 20, 1974, was incorporated by reference and ordered inserted in Case No. 923, although styled in Case No. 941, occurring after an evidentiary hearing in a case styled as No. 923.

2. The motion to open default shows it was

predicated upon non-amendable defects appearing on the face of the record, although said motion did not pray that the judgment of confirmation be vacated or set aside or declared null and void.

3. The situation is somewhat confused because Case No. 923 and Case No. 941 were never ordered consolidated, and yet a judgment was entered which affected both cases. An order of consolidation would have simplified the matter. Nevertheless, it appears that the appeal is in both cases, and it is clear that the appeal is from the order of August 20, 1974, which order declared the confirmation to be null and void because the property was not sold on the date it was advertised to be sold.

4. A sale under a power contained in a loan deed must be strictly construed, inasmuch as the authority of law for same is in derogation of the common law. See Code Ann. § 37-607; *Oliver v. Wayne,* 183 Ga. 316 (2) (188 SE 535); *Cook v. Howard,* 134 Ga. App. post, and cits.

5. The sale itself must be held on the date it is advertised to be sold. Code Ann. § 37-607; *Smith v. Taylor,* 120 Ga. App. 389, 390 (170 SE2d 752). When by undisputed facts it appeared to the court that the sale took place on a date other than as advertised, the court did not err in granting the judgment declaring the order of confirmation null and void, and this is so whether his judgment be considered a judgment on the pleadings, summary judgment or judgment vacating and setting aside for a non-amendable defect appearing on the face of the record. See in this connection *Lamas v. Baldwin,* 128 Ga. App. 715, 717 (197 SE2d 779).

6. A judgment which is correct for any reason will be affirmed. *Sims TV, Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41, 43 (131 SE2d 790); *Lee v. Porter,* 63 Ga. 345, 346; *Jernigan v. Collier,* 134 Ga. App. 137.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

Argued February 25, 1975 — Decided April 7, 1975.

*Cunningham & Clarke, Raymond A. Cunningham,* for appellant.

*Byrd, Groover & Buford, Floyd M. Buford, Alfred D. Fears,* for appellee.