## 52532. WARD v. LANDRUM et al.

McMurray, Judge.

On October 28, 1974, a taxpayer of Polk County, W. L. Ward, was notified by the Polk County Board of Tax Assessors that his property tax return for 1974 had been changed to reflect higher values as established by the board on the basis of a county-wide "revaluation of . . . property."

On November 6, 1974, the taxpayer filed an appeal to the Board of Equalization contending his property should have been returned as was done by him in 1974 based upon the 1973 assessment resulting from Civil Action No. 6357.

On February 19, 1975, he was notified of a hearing before the Board of Equalization on March 21, 1975. On December 29, 1975, the Board of Equalization entered its finding which included a finding that there was not a general uniform re-evaluation of the taxes for 1974 and that the taxpayer's [assessment] "shall be continued in effect as to values for 1974," which values had been determined by a court order in Civil Action No. 6357.

On January 27, 1976, members of the Board of Tax Assessors filed an appeal to the superior court from the determination by the Board of Equalization contending, among other grounds, it was contrary to law in that the action was not taken within the time allowed by law; the same is a nullity in that it was taken after the 1974 Polk County ad valorem tax digest was approved as provided by law; was not authorized by law in an appeal concerning tax liability of an individual taxpayer; did not specifically decide the questions presented by the appeal of the taxpayer; and failed to establish an appraised value or asset value of the property of the taxpayer for ad valorem tax purposes for the calendar year 1974 as required by

law. The other grounds of appeal were not considered by the court by agreement of counsel and the case was decided upon the issues shown above. The court held the action of the Board of Equalization was a nullity, exceeded its authority and failed to establish an appraised or assessed value for the property, remanded the matter back to the board for further determination of the issues and dismissed the appeal. Taxpayer appeals. *Held:*

1. The order of the trial court purports to dismiss the appeal and remand the case to the Board of Equalization. There is no magic in mere nomenclature which will shade the reality that in fact the appeal of the tax assessors was considered and their prayer granted. *Girtman v. Girtman,* 191 Ga. 173, 180 (4) (11 SE2d 782); *Hood Oil Co. v. Moss,* 134 Ga. App. 477 (1) (214 SE2d 726).

2. Due process entitled taxpayer to be heard on the assessment of his property before a final decision was made as to value. Turner v. Wade, 254 U. S. 64 (41 SC 27, 65 LE 134). This requirement of a hearing is satisfied by Code Ann. § 92-6912 (Ga. L. 1972, pp. 1094, 1095-major revision; 1973, pp. 709, 710; 1974, pp. 609, 610).

Denial of a taxpayer's hearing as provided by Code Ann. § 92-6912, supra, would be violative of his due process rights. Likewise, allowing the rights to a hearing to be cut off by passage of time or the independent action of other parties would be violative of due process unless caused by culpable or negligent conduct on the part of the taxpayer. Central of Georgia R. Co. v. Wright, 207 U. S. 127 (28 SC 47, 52 LE 134). Such conduct is not shown in the record before us.

3. The validity of the conclusion, that the decision of the Board of Equalization in this case was a nullity because it determined taxpayer's appeal after approval of the 1974 tax digest by the State Revenue Commissioner cannot be determined. The record does not disclose that the tax digest had been approved by the commissioner. Further, it is not apparent that the Board of Equalization requested the respective parties to the appeal to present relevant information with respect to the question of whether the other property in the county was assessed uniformly. Code Ann. § 92-6912 (4) (B) (Ga. L. 1972, pp.

1094, 1095). A presumption of law does arise that once the taxing procedure has been completed and approved by the Revenue Commissioner as between an individual taxpayer in the county, "all property for assessment purposes has been equalized and made uniform." Code Ch. 92-70, as amended (Ga. L. 1966, p. 45, Ga. L. 1970, p. 91, Ga. L. 1970, p. 642, and Ga. L. 1972, p. 174); *Griggs v. Greene,* 230 Ga. 257, 269 (197 SE2d 116).

Revisions of assessments should have been completed by June 1st of each year and a copy of the tax digest forwarded to the State Revenue Commissioner for examination and approval. See Code Ann. § 92-6917 (Ga. L. 1945, p. 251). Yet we find in this instance that the taxpayer's property was not re-evaluated by the tax assessors until October 28, 1974, and the appeal therefrom occurred according to law thereafter. Under the circumstances, the Board of Equalization might not be able to order the tax assessors to re-evaluate the entire digest, but it had full authority under Code Ann. § 92-6912 (4) (A) and (5) to review the taxpayer's assessment and make its determination.

4. The order of the Board of Equalization sets the value of taxpayer Ward's property at the value given in a court order in Case No. 6357. No part of Case No. 6357 is included in the record on appeal, therefore, no determination as to whether the Board of Equalization has established an appraised or assessed value for taxpayer Ward's property can be made. The court thus was correct in remanding the matter to the Board of Equalization. The Board of Equalization should correct and clarify the determination as to the value of Ward's property.

5. Of utmost concern to the court is the condition of the record before us on this appeal. The record contains a transcript of a hearing in another case, yet no indication that such transcript was entered in evidence. Also accompanying the transcript is an unsigned order of the superior court in another case unincorporated by reference in the order of the Board of Equalization. And this order is not present in the record.

*Judgment reversed in part and affirmed in part with direction that the matter be re-committed to the Board of*

500

*Equalization for clarification of its determination. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 7, 1976 — DECIDED OCTOBER 4, 1976 — REHEARING DENIED NOVEMBER 19, 1976.

*Dunaway & Perry, Marson G. Dunaway,* for appellant.

*Gammon & Anderson, Wayne W. Gammon,* for appellees.

ON MOTION FOR REHEARING.

Counsel for appellant cites *Harvey v. Lissner,* 124 Ga. App. 448, 449 (3) (184 SE2d 184), for the proposition that this case should be tried by a jury "at the first term following the filing of the appeal." It is noted if the case is heard on appeal solely as to questions of law, "it shall be heard before the court sitting without a jury as soon as practicable but not later than 40 days following the date on which the appeal is filed with the clerk of the superior court." Here the appeal was filed on January 27, 1976. The court rendered a final judgment on March 30, 1976, recorded in the office of the clerk on 2nd April, 1976. The court rendered its judgment as presented solely on questions of law. We find no issues of fact to be determined by a jury. While the 40 day rule may have been violated, we have no way of determining from the record as to the date following the filing of the appeal in the superior court that the lower court began its hearing into the matter. The statute, Code Ann. § 92-6912 (Ga. L. 1972, pp. 1094, 1095 — major revision; 1973, pp. 709, 710; 1974, pp. 609, 610) is in derogation of the common law which requires strict construction. It does not state when a decision must be reached in the matter, but only that the court shall hear it "as soon as practicable but not later than 40 days following the date on which the appeal is filed." We refuse to hold, from the state of the record, that *Harvey v. Lissner,* 124 Ga. App. 448, 449 (3), supra, requires us to reverse and dismiss the appeal to the superior court because the law was not complied with in this instance.

For the above reason, as well as those set forth in the

opinion, the judgment previously rendered is adhered to. *Motion for rehearing denied.*