## 55738. HARTRAMPF v. CITIZENS & SOUTHERN REALTY INVESTORS.

BELL, Chief Judge.

This is an appeal from an order confirming the sale of realty under power of sale granted in a deed to secure debt by the grantors, appellant Hartrampf, and another individual, Hosmer. *Held:*

1. Appellant contends that the trial court erred in failing to hold as a matter of law that the procedures used herein advertising the sale chilled the bidding making it impossible to achieve a true market value at sale. This argument is based on the fact that property was advertised on three separate occasions, viz., July 1977, with an assumed August 1977 date of sale, again in August 1977 with a September 1977 date of sale, and then in September 1977 with a specified October 1977 date of

sale. The actual sale occurred on the October date. The appellant states that a foreclosure sale under a power of sale in a deed to secure debt must be held on the date it is advertised to be sold. In support of this proposition he cites Code § 37-607; *Smith v. Taylor,* 120 Ga. App. 389 (170 SE2d 752) and *Hood Oil Co. v. Moss,* 134 Ga. App. 477 (214 SE2d 726). Neither the cited statute nor any of the cases support this proposition. There is evidence that the sale could not be held on the August and September dates due to the fact that the other party, Hosmer, had gone into bankruptcy, and that thereafter the appellee sought and finally obtained the bankruptcy court's approval to conduct the foreclosure sale. The procedures utilized here were reasonable and did not as a matter of law cause any chilling of the bidding. Defendant makes other contentions but they are all speculative that they caused chilling of the sale.

2. In confirmation proceedings the trial court is the trier of fact in determining the issue of whether the property brought its true market value on the date of sale and findings of fact will not be disturbed where there is any evidence to support. *Federal Deposit Ins. Corp. v. Ivey-Matherly &c. Co.,* 144 Ga. App. 313 (241 SE2d 264). The findings of fact are supported by the evidence.

3. The remaining enumeration that the trial judge abused his discretion by considering matters outside the evidence is not supported by the record. To the contrary, the order entered here summarizes in detail the evidence of record relied on by the court in confirming the sale.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED APRIL 11, 1978 — DECIDED JUNE 15, 1978.

*Ervin, McCullough & Sherrill, John A. Sherrill, James H. Kaminer, Jr.,* for appellant.

*Alston, Miller & Gaines, Franklin R. Nix,* for appellee.