Daniel *vs.* Jackson *et al.*

·If he had forgotten the fact, and he had just then remembered it, he could easily have said so.

Judgment affirmed.

---

BAKER DANIEL, plaintiff in error, *vs.* ALONZO C. JACKSON *et al.*, administrators, defendants in error.

1. That part of the act of 1831 which authorizes a resale at the risk of a purchaser who fails to comply with his bid, made at an executor's, administrator's or guardian's sale, though not embraced in the Code, is still of force in this state.

2. Where the advertised terms of an administrator's sale are varied by an announcement made on the day of the sale, and the purchaser fails to comply with his bid, in order to hold him liable for the difference on a resale, it is incumbent on the plaintiff to show by clear and convincing evidence that such purchaser had actual knowledge of the altered terms before he bid off the property.

Administrators and executors. Guardian and ward. Sales. Before Judge BARTLETT. Greene Superior Court. March Term, 1874.

For the facts of this case, see the decision.

E. C. KINNEBREW; JOHN C. REED, for plaintiff in error.

J. A. BILLUPS; M. W. LEWIS & SON; J. A. LEWIS, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant, to recover the difference between the price at which the defendant bid off a tract of land at an administrator's sale, and the price for which the land sold at a subsequent sale, the plaintiffs alleging that the defendant refused, after the sale, to pay them for said land. On the trial of the case the jury, under the charge of the court, returned a verdict in favor of the plaintiffs for the sum of $1,250 00, with interest. The defendant

made a motion for a new trial on the several grounds set forth therein, and also made a motion in arrest of judgment, both of which motions were overruled, and the defendant excepted. It appears from the evidence in the record that the land was sold by the plaintiffs, as administrators, under an order of the court of ordinary in pursuance of the following advertisement:

### "ADMINISTRATOR'S SALE.

" Will be sold before the court-house door in the city of Greensboro, Georgia, on the first Tuesday in November next, within the legal hours of sale, two hundred and twenty acres of land, belonging to the estate of Stephen Jackson, deceased. This tract of land is very valuable, consisting of first-class branch bottom land, well timbered and fresh upland, and containing two settlements. Terms, one-third payable January 1st, 1873, the other two-thirds one and two years, respectively, thereafter. A note with approved security will be required for the first payment.       A. C. JACKSON,

" M. F. JACKSON.

"Administrators."

The land was sold on the first Tuesday in November, 1872, under the aforesaid advertisement, except that some of the witnesses testified that proclamation was made on the day of sale that ten per cent. interest would be required on the last two payments. The defendant was examined as a witness, and stated that he did not hear the proclamation at the sale that ten per cent. interest would be required on the last two payments; he came to the sale to purchase the land under the advertisement, and bid for it under the advertised terms, and thought he was buying the land under such terms; heard nothing to the contrary until told so by one of the plaintiffs, after the sale, when the ten per cent. interest on the notes was demanded. Carlton, a witness sworn for the defendant, stated that he was at the sale, and was standing by defendant talking to him at the time the land was put up for sale, and did not hear any proclamation that ten per cent. interest would be required on the payments. When the parties met to execute the papers, after the sale of

Daniel *vs.* Jackson *et al.*

the land, they disagreed as to the terms of it, and the defendant refused to comply, and the plaintiffs resold the land for $1,250 00 less than defendant bid for it at the November sale. The court charged the jury that the 2568th section of the Code, requiring advertisement of the terms of sale, was for the benefit of the beneficiaries of the intestate's estate, and that the administrators could add to or vary the advertised terms by proclamation made at the sale, if they believed it was to the interest of the estate to do so, and that all persons attending were bound to take notice of such proclamation, if within' hearing distance. The court also charged the jury that if the defendant came to the sale, and conceived that he was bidding on the advertised terms, and did not hear any alteration of such terms proclaimed, then the defendant had the right, by his bid, to hold the administrators to the advertised terms.

1. The first question that we shall consider and determine is, the motion made in arrest of judgment. That motion was based on the ground, that, inasmuch as executors, administrators and guardians, are not named in the 3655th section of the Code, authorizing the present action to be brought against the purchaser of property at public outcry, or by any other section thereof, there is no law of force in this state which authorized the plaintiffs to maintain their present action. It is true the codifiers of the laws of force in this state have failed by mistake, or omission, to embrace that part of the act of 1831 in the Code which relates to sales made by executors, administrators and guardians; but that act, as we find it in Cobb's Digest, 515, is of force, in our judgment, as a law of this state, so far as it is applicable to executors', administrators' and guardians' sales, though they are not named in the Code as being entitled to bring suit as specified in that act. There is nothing in the act of 1831 relating to sales made by executors, administrators and guardians, *inconsistent* with any provision of the Code that we are now aware of. The motion in arrest of judgment was, therefore, properly overruled.

2. By the 2568th section of the Code, executors and administrators are required to state in all advertisements of

sales by them, the terms of sales. By the common law rule, printed or written particulars and conditions of sale cannot be contradicted, added to, or altered, by verbal declarations made by the auctioneer at the time of the sale: Addison on Contracts, 156. In Jones *vs.* Edney, (3d Campbell's Reports, 287,) Lord ELLENBOROUGH said: "Men cannot tell what contracts they enter into if the written conditions of sale are to be controlled by the babble of the auction room." We are not disposed to apply this common law rule so strictly as to exclude all parol declarations as to the altered terms of sale from the printed or written advertisements made by executors and administrators at their public sales, under the laws of this state, when the bidder or purchaser has full knowledge of such altered terms of sale, and *acts* upon them. But we do hold, that in all cases like the one now before us, it is incumbent on the plaintiff to show, by clear and convincing evidence, that the purchaser at the sale had *actual* knowledge of the altered terms of the sale before he bid off the property, in order to make him liable for refusing to comply with the altered terms of the sale from that contained in the advertisement. The two charges of the court to the jury in this case are wholly irreconcilable, and were calculated, and most probably did, mislead the jury in making up their verdict. In the first charge, the court instructed them that all persons attending the sale were bound to take notice of the proclamation made as to the altered terms of the sale, if *within hearing distance.* In the second charge, the court instructed them that if the defendant did not hear any alteration of the terms of sale proclaimed, then the defendant had the right by his bid to hold the administrators to the advertised terms of the sale. Did the jury find their verdict for the plaintiffs on the ground that the defendant was within hearing distance at the time the proclamation of the alteration of the terms of sale was made, or did they find their verdict on the ground that the defendant had actual notice of the alteration of the terms of sale? Who can tell on what ground they found their verdict under the charge of the court? Although the jury

might have believed from the evidence before them that the defendant did not have actual notice of the alteration of the terms of sale, still, if they believed from the evidence that defendant was within hearing distance when the proclamation was made, they would have been bound to have found a verdict for the plaintiffs under the charge of the court. If the latter part of the charge was right, then the first part thereof as to the defendant being within hearing distance at the time of the proclamation, was clearly error.

Let the judgment of the court below be reversed.