SARAH SAUNDERS, administratrix, plaintiff in error, *vs.* JAMES W. BELL, executor, defendant in error.

Where, at an administrator's sale, property is bid off and the bidder refuses to take it, and the administrator elects to resell and proceed against the first purchaser for the deficiency arising from such sale, he must resell the property as soon as practicable, and if he delay, without the consent of the bidder, for twelve months, on the ground of stringency of the times, such delay will forfeit his right to recover, and a non-suit will be properly awarded.

Administrators and executors. Sales. Before Judge CLARK. Webster Superior Court. September Term, 1874.

Reported in the opinion.

B. S. WORRILL; J. L. WIMBERLY, for plaintiff in error.

W. A. HAWKINS, for defendant.

JACKSON, Judge.

The administratrix offered for sale certain lands. Bell, the defendant, bid them off at a certain price, and afterwards, for reasons not necessary in this opinion to be considered, declined to take them. The land was offered again for sale

Saunders *vs.* Bell.

twelve months after the first sale and first bid without the assent of Bell, and knocked off at a certain other price considerably less than Bell's bid at the first sale, and suit was brought against Bell for the difference. After the plaintiff's proof the court awarded a non-suit, among other reasons, because the administratrix, without the consent of the defendant, had not put up the land for resale until twelve months had elapsed from the time of the first sale. The excuse offered by the administratrix was the stringency of the money market and hardness of the times.

We think that the court properly granted the non-suit. The land should have been offered for sale again as soon as practicable. Any unreasonable delay, without the assent of the bidder, would put it in the power of the estate to speculate upon the bidder by selecting such time to resell as would be to the interest of the estate and adverse to that of the bidder. The right of recovery turns on the loss to the estate by reason of the failure of the bidder to comply with his contract, and that loss must be ascertained by the resale as soon as it can be reasonably done. If the bidder, on the day of sale, refuses to comply before the crowd disperses and the hours of sale terminate, that day is the proper time to resell; if that cannot be done, just so soon as the property can be re-advertised after notice of refusal to comply with the terms of sale. But whenever the administratrix takes the whole arrangement out of the co-operation of the bidder, and puts off the sale, for reasons that she alone judges to be sufficient, to a period of twelve months, she forfeits all right of recovery for the difference between the two bids. It will be seen that the statute gives her the option to sue at once for the whole bid, tendering compliance on her part, or to resell, and sue for the difference. When she elects the latter course, as in this case she has done, she must resell as soon as practicable: Code, section 3655. This view of the law controls this case and makes it unnecessary to consider the other points made in the record.

Judgment affirmed.