John Humphrey, administrator, plaintiff in error, *vs.* Daniel McGill *et al.*, administrators, *et al.*, defendants in error.

1. Where a plaintiff in *fi. fa.* purchases at the sale of property under his execution, he stands upon the same footing as any other purchaser, in respect to irregularities of the sheriff in levying, advertising and selling.    If he purchases without notice of these irregularities, he acquires a good title.

2. Upon failure of a purchaser to comply with his bid, the sheriff may resell the property, within legal hours, on the same day, without re-advertisement.

3. The evidence was conflicting, and this court will not interfere.

Sheriff.   Levy and sale.   Notice.   Verdict.   Before Judge Wright.   Decatur Superior Court.   May Term, 1877.

Daniel Humphrey filed his bill against John M. Donalson and the sheriff of Decatur county, making, in brief, the following case :

The sheriff levied a *fi. fa.* in favor of Donalson on three lots of land belonging to complainant, advertised them only three weeks, gave no notice of levy, and brought them to sale on the first Tuesday in January, 1872.    One Jos. Mathews became the purchaser for $885.00.    Subsequently, on the same day, the sheriff again exposed the lots for sale.    One was bought by Donalson for $275.00, the other two by Mathews, for $425.00, which were much less than their respective values.    Mathews has since returned his to complainant.    Between the two sales, complainant tendered to the sheriff, by his agent, the full amount of the *fi. fa.*—

Mathews waiving his right and agreeing thereto. The sheriff refused to accept it, but proceeded with the second sale. After the second sale, complainant bargained with the purchaser at the first sale to take his bid and stand in his place; and they offered such amount to the sheriff and demanded a deed, which was refused. The bill charges fraud, notice of facts, collusion, and an inordinate desire on Donalson's part, for the possession of said land. The prayer was for cancellation of the deed to Donalson; for a decree that the sheriff receive the amount of the *fi. fa.* and dismiss the levy; and for injunction to restrain further proceedings to take possession of the land.

Defendants filed an answer in the nature of a cross-bill, which was, in substance, as follows:

There were two *fi. fas.* in the hands of the sheriff against complainant, the one described in the bill for $103.27, and an older one in favor of Bates, Dickinson & Co., for $290.45, both claiming the proceeds of the sale. Levy was made under the former *fi. fa.*, notice given according to law, the sale fully and legally advertised, and made on the first Tuesday in January, 1872. Defendant, Donalson, denies all knowledge of any irregularity which may have occurred, if any did. At the sale, Mathews bid in the property for $885.00; but when requested to pay the money, he declined to do so, offered to pay the amount of the Donalson *fi. fa.*, and refused to pay more. This the sheriff refused to receive, on the ground that the older *fi. fa.* would take the proceeds and Donalson get nothing; he stated to Mathews that he would resell the land. After full opportunity for Mathews to pay his bid had been given, the land was again exposed for sale, it being still within legal hours, and sold. Donalson, by his agent, bought one lot for $275.00, which he paid in cash. Afterwards, and after the expiration of the hours of legal sale, one Russell asked Donalson's agent if he would allow complainant to pay the whole of the money and take the title. This he declined to do, on the ground that Donalson had already

paid for the land. Defendants deny any knowledge of a bargain by which complainant was to be substituted for Mathews, as purchaser at the first sale. Both Mathews and complainant were present at the last sale, and made no objection on account of want of advertisement or notice. Defendants deny all fraud or collusion.

Humphrey and Donalson having died, their administrators were made parties.

Defendants amended the answer by alleging that Humphrey died possessed of the lot in controversy, and his administrator still holds it, and praying that possession be decreed to them, with *mesne* profits.

The evidence was conflicting, especially as to whether the notice and advertisement were regular; and if not, whether Donalson knew of it.

The jury found for defendants the land, with $50.00 per annum *mesne* profits. Complainant moved for a new trial, on the following, among other grounds:

1. Because the verdict was contrary to law and evidence.

2. Because the court charged as follows: "If you believe from the evidence, that the tenant in possession was not notified according to law, or the advertisement was not published in a gazette, as required by law, for four weeks prior to the sale, that would not affect the purchaser who had no notice of it, but if the plaintiff in *fi. fa.*—the purchaser of this lot of land—did have notice (and you must determine this from the evidence) before the sale took place, that sale would be illegal, and could be set aside."

3. Because the court charged as follows: "The sheriff did have the right to re sell on the same day, without further advertisement, provided it was within the lawful hours of sale."

The motion was overruled, and complainant excepted.

GURLEY & TOWNSEND; FLEMING & RUSSELL, for plaintiff in error.

Bower & Crawford, by brief, for defendants.

Warner, Chief Justice.

This was a bill filed by the complainant against the de-,fendants to set aside a sheriff's sale of a lot of land in Decatur county, on the allegations contained therein. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the defendants. The complainant made a motion for a new trial, on the several grounds therein stated, which was overruled by the court, and the complainant excepted.

1. The evidence in regard to the facts alleged in the complainant's bill, upon which his claim to equitable relief was based, is conflicting, and the main controlling question in the case is, whether a plaintiff in execution, who purchases the property levied on at a sheriff's sale, stands upon the same footing as any other innocent purchaser of property at sheriff's sales as to the irregularities of that officer in advertising the sale, giving notice, etc., and is only bound to see that the sheriff has competent authority to sell, and that he is apparently proceeding to sell under the prescribed forms. The court charged the jury that if they believed, from the evidence, that the tenant in possession was not notified according to law, or the advertisement was not published in a gazette, as required by law, for four weeks prior to the sale, that would not affect the purchaser who had no notice of it ; but if the plaintiff in *fi. fa.*, the purchaser of this lot of land, did have notice (and they must determine this from the evidence) before the sale took place, that sale would be illegal, and could be set aside. There was no error in this charge of the court, in view of the evidence. *Solomon vs. Peters*, 37*th Ga. Rep.*, 251.

2. There was no error in the charge of the court in relation to the re-sale of the property on the same day, on the failure of the bidder therefor to comply with his bid with-

out re-advertising it, on the statement of facts contained in the record. *Sanders vs. Bell, executor,* 56 *Ga. Rep.,* 442.

3. The evidence being conflicting as to the facts upon which the complainant sought to recover, and the jury having thought proper to believe the defendants' witnesses, as it was their province to do, there is sufficient evidence to sustain the verdict, and therefore it is not contrary to law. Whether the complainant was endeavoring to purchase all three of the lots levied on at the sale through his agent, Mathews, at a comparatively nominal price, to the prejudice of the rights of his creditors, we do not know. Two of the lots were bid off by Mathews, his agent and tenant, but he failed to get the third, which is the subject matter of the present suit.

Let the judgment of the court below be affirmed.