### SPROULL, administrator, *vs.* SEAY.

1. An administrator can recover from a bidder at his sale, who fails
   to comply with his bid, the difference between the sum he bid and
   that which the land subsequently sold for, when again offered.
2. If the second sale be delayed, and the delay is caused by the re-
   quest or agreement of the bidder. the delay cannot discharge his
   liability.   If there be no evidence of such request or agreement,
   a non-suit may be granted, but if there be evidence as to such
   matters, the question should be submitted to the jury.
3. It makes no difference that the property was offered a second
   time, and bid off by another for the original bidder, and that the
   second bidder did not pay his bid, and the property was after-
   wards sold a third time, all the delays being at the instance of
   the first bidder.   The administrator may recover from the first
   bidder the difference between the first and last sale.
4. It is not necessary that the second bidder should be made a party,
   he having been only the agent to bid for the first bidder, and
   there being evidence that the first bidder was managing the en-
   tire transaction and importuning the administrator to wait on him
   to pay for the land.
5. Nor does it alter the principle that the last sale was for cash, all

the first bid being due when the last sale was made, and the whole delay being at the instance of the first bidder.

March 10, 1885.

Administrators and Executors. Sales. Parties. Vendor and Purchaser. Before Judge BRANHAM. Floyd Superior Court. September Term, 1884.

C. W. Sproull, as administrator of R. W. Sproull, deceased, brought an action against J. J. Seay, alleging that, on the first Tuesday in November, 1882, the administrator exposed to sale certain property of the deceased, and Seay was the purchaser at the price of $960.00; that defendant refused to pay for the land, and it was afterwards re-sold at his risk, and brought only $375.00. Plaintiff thereupon brought this suit for $585.00, the difference between the amounts which the land brought.

On the trial, the following evidence was introduced:

*C. W. Sproull,* sworn: As administrator of R. W. Sproull, I advertised lot 249 in the 23d district and 3d section of Floyd county, for sale at Rome on the first Tuesday in November, 1882. At this sale, J. J. Seay bid off the southeast quarter of the lot at $960.00. I called on him for the money soon after the sale; he said he did not have it, but promised to pay it. He offered to pay me in notes on other persons, and I told him I could not take them. I re-advertised the land for sale on the first Tuesday in February, 1883, and he said he would have a man there to buy it. On the day of the second sale, the land was bid off by a man named Palmer, who had previously been an employé of Seay, Bowie & Company, but Seay, the defendant, had ceased to be a member of the firm. Defendant was present at this second sale. Palmer's bid was $910.00. Mr. Seay came to me afterwards and asked me to indulge Palmer, saying that the latter would get a large sum of money for a patent, and would pay me; and, in consequence of this request, I did indulge Palmer, but he did not pay. and I said to Seay that I would not wait

longer, and would have to re-sell at his risk, at which he became excited and said, " I will see that you do not get the money." I re-advertised and re-sold the land on the first Tuesday in August, 1883, and it brought $375.00. All these sales were at the court-house door in Rome, Georgia, during the legal hours. I did not make the second sale until February, because of defendant's request for indulgence and his promise to pay for the land, and I did not re-sell again until August, because of defendant's request for indulgence to Palmer.

The terms of the sale, as advertised for November, 1882, were one-third cash on the day of sale, and the balance 1st of January following. In the advertisements for February and August following, the terms were cash. In the advertisement for February, it is stated that the sale is at the risk of Seay, and in that for August, it is stated that the sale is at the risk of Seay and Palmer.

On motion, a non-suit was granted, and plaintiff excepted.

DABNEY & FOUCHE, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, for defendant.

JACKSON, Chief Justice.

Important legal questions are made in this record: First, can an administrator recover from a bidder, at his sale, the difference between the sum he bid and that which the land subsequently sold for, when again offered? And secondly, if the second sale be delayed, and the delay is caused by the request or agreement of the bidder, can the delay discharge his liability?

1. That the administrator may re-sell and recover, as well as the sheriff, under section 3655 of the Code, is settled by this court. 53 *Ga.*, 87; 54 *Id.*, 200.

2. On the second point, this court held, in 56 *Ga.*, 442, that " any unreasonable delay, without the assent of the

Sproull, administrator, *vs.* Seay.

bidder, would put it in the power of the estate to specu-
late upon the bidder by selecting: such time to re-sell as
would be to the interest of the estate and adverse to that
of the bidder." In that case, the delay was some twelve
months, and the only reason for it was, not the assent,
directly or indirectly, of the bidder, but the stringency of
the times. In this case, there is evidence enough. to carry
to the jury the question whether or not the postponement
was made at the instance and request of the bidder; and
whilst a non-suit was properly granted in *Sanders vs. Bell*,
56 *Ga.*, *supra*, where there was no such evidence, it
should not have been granted in the present case, where
there is plenty of such evidence.

3. It makes no difference, in the application of the
principle, that the property was offered a second time, and
bid off by another for the original bidder, who also did not
pay his bid, and that it was afterwards sold the third time
—all the delays being at the instance of the first bidder.
The administrator may recover from the first bidder the
difference between the first and last sale.

4. Nor is it necessary that the second bidder be joined
in the action by the administrator, he having been only
the agent to bid for the first bidder, and there being evi-
dence that the first bidder was managing the entire transac-
tion and importuning the administrator to wait on him to
pay up for the land.

5. Nor does it alter the principle that the last sale was
for cash, all the first bid being due when the last sale was
made, and the whole delay being at the instance of the
first bidder. These points of law must be applied to the
facts and settled by a jury. The court cannot legally
determine them and withhold their consideration from the
jury by a non-suit.

Judgment reversed.