### HARDIN *v.* ADAIR *et al.*

While a bona fide bidder at a sheriff's sale, who is able to comply with his bid, has a right, where his bid is wilfully disregarded by the officer offering the property for sale, to go into equity for the purpose of compelling a resale of the property, and to have the sale resumed at the point of his bid, provided such bidder acts with reasonable promptness, yet if he delays for an unreasonable time and is thereby guilty of laches, equity will interpose a bar to his action. In the present case, a delay of two years after the sale, before the bringing of the suit to compel a resale, showed a lack of due diligence and an unreasonable delay.

JULY 18, 1913.

Equitable petition. Before Judge Pendleton. Fulton superior court. April 27, 1912.

On January 9, 1912, the plaintiff filed her petition against C. W. Mangum, sheriff of Fulton county, and George W. Adair, alleging as follows: Mangum, sheriff, exposed for sale, on January 4, 1910, a certain house and lot on West Peachtree street in the City of Atlanta, under a certain fi. fa. George W. Adair bid $48,000 for the property, and petitioner bid $50,000. Although she was the highest bidder, the sheriff wilfully and utterly disregarded her bid and knocked the property down to Adair. On the day of the sale she went to the sheriff and offered to pay him the $50,000; and he refused to take the money or to make her a deed. The property is worth $100,000. She is ready and able to tender the $50,000 into court, or give good security to guarantee an upset bid

from her of $50,000, if the court will order a resale of the property. She prays that the sale to Adair be set aside, that the property again be exposed for sale at the bid offered by petitioner, and that it be knocked down to her or to such person as shall make a higher bid.

The defendants demurred to the petition on various grounds, among others, on the ground that the petitioner's right of action was barred by reason of laches on her part in filing her equitable petition. The court sustained the demurrer generally, and the plaintiff excepted.

*Lowndes Calhoun,* for plaintiff.

*Rosser & Brandon* and *Aldine Chambers,* for defendants.

Beck, J. (After stating the foregoing facts.) Under the facts of the case the court properly held that the petition should be dismissed. The plaintiff had been guilty of such laches as would render it clearly unjust and inequitable at this date to enforce her demand for a resale of the property. Section 4369 of the Civil Code is as follows: "The limitations herein provided apply equally to all courts; and in addition to the above, courts of equity may interpose an equitable bar, whenever, from lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." And we can scarcely conceive of a clearer case for the application of the provisions in reference to the interposition of the equitable bar than in this. The property was sold for $48,000. The plaintiff's own bid was $50,000, according to her allegations. There is no allegation that, except in the matter of not crying the plaintiff's bid, the sale was not conducted in such a way as to give every one attending full opportunity of bidding, and there is some presumption that the amount bid was in the neighborhood of the real value of the property. The property is alleged to be now worth $100,000, a sum double in amount that of the plaintiff's bid. We do not think that a court of equity would tolerate—certainly not aid—a party in delaying the making of a claim where delay would amount to giving to the party guilty of the delay an opportunity to speculate in the value of the property which she seeks to have resold. In the two years between the sale and the filing of the petition in the present case she has had an opportunity to watch the trend of the market for real estate in the locality in which the property in controversy is situated, and to ascertain

whether it would be profitable or not to press her claim of a right to a resale or to abandon it. If bona fide she had desired to have a resale and to have opportunity of bidding on this property, she should have proceeded promptly. In reference to an analogous question, the substance of a decision of the Supreme Court of the United States is thus stated by Mr. Pomeroy, in his work on Equity Jurisprudence: "As the question whether the sale should be vacated or not depends upon the facts as they existed at the time of the sale, so, in taking proceedings to avoid such sale, the plaintiff should act upon his information as to such facts, and not delay for the purpose of ascertaining whether he is likely to be benefited by a rise in the property, since that would practically amount·to throwing upon the purchaser any losses he might sustain by a fall, and denying him the benefit of a possible rise." 5 Pomeroy's Eq. Jur. 47. Under the circumstances alleged in this petition, the plaintiff could not wait and make her action in setting aside the sale dependent upon the question whether it is likely to prove a profitable speculation. Id. 47. Although the statute in reference to the resale of land at administrator's sale, under the Civil Code, § 6071, fixes no time limit within which such sale must be had, this court held, in the case of *Saunders* v. *Bell*, 56 *Ga.* 442, that "Where, at an administrator's sale, property is bid off and the bidder refuses to take it, and the administrator elects to resell and proceed against the first purchaser for the deficiency arising from such sale, he must resell the property as soon as practicable; and if he delay, without the consent of the bidder, for twelve months, on the ground of stringency of the times, such delay will forfeit his right to recover, and a nonsuit will be properly awarded." In that case Bell was a bidder for the property, and it was knocked off to him at the amount of his bid, and afterwards he declined to comply with his bid and take the property. The administratrix, after delay for twelve months, again offered the land for sale, and after receiving bids knocked it off at a certain price considerably less than Bell's bid at the first sale, and subsequently brought suit against Bell for the difference. Upon the trial of this suit the plaintiff was nonsuited upon the ground, among others, that she had not put up the land for resale until twelve months had elapsed from the time of the first sale. The excuse offered by the administratrix was the stringency of the money, market and the hardness

of the times. This court, in reference to this question, said: "We think that the court properly granted the nonsuit. The land should have been offered for sale again as soon as practicable. Any unreasonable delay, without the assent of the bidder, would put it in the power of the estate to speculate upon the bidder by selecting such time to resell as would be to the interest of the estate and adverse to that of the bidder." See also the case of *Roberts* v. *Smith*, 137 *Ga.* 30 (72 S. E. 410). In the case of *Duffy* v. *Rutherford*, 21 *Ga.* 363 (68 Am. D. 459), it was ruled: "At a sheriff's sale, A bid one dollar, B bid two dollars, A bid three dollars, B bid three dollars and a half; but the sheriff fraudulently refused to cry this bid, and knocked off the property to A at three dollars. *Held,* that B had the right to go into equity and have the sale resumed at the point of his bid." But in that case there is nothing to show that the plaintiff asking the resale did not move with reasonable promptness and diligence.

*Judgment affirmed. All the Justices concur.*