GASKIN, executor, *v.* MOBLEY, administratrix, *et al.;*
*et vice versa.*

1. Where one who had qualified as executrix of a will executed a paper purporting to make another person an attorney in fact, and to confer upon him all the powers of an executor as fully as the executrix herself was vested with them, if such attorney, in collusion with a bank in which the decedent had deposited moneys, wrongfully and fraudulently withdrew from the bank these funds and paid them out either to the bank or upon his own debts, the claim of the estate against the attorney and the bank is subject to the application of the statute of limitations, and will be barred after the lapse of the period of four years.

2. The application of this ruling to the case under consideration is controlling, and disposes of the entire case, rendering it unnecessary to pass upon the exceptions to the court's ruling upon the special demurrers.

JUNE 16, 1916.

Petition for injunction, etc. Before Judge Graham. Telfair superior court. July 1, 1915.

Daniel Gaskin, as executor of William Hinson, filed his petition against Mrs. Anna H. Mobley as administratrix of the estate of L. F. Hinson, and against the Baxley Banking Company, for the recovery of certain alleged trust funds in money belonging to the estate of William Hinson, who died on September 28, 1904; which funds were alleged to have been deposited "in the name of the estate of Wm. Hinson, deceased," in Telfair County Bank, alleged to be a branch of the Baxley Banking Co. The plaintiff alleged, that Mrs. Anna H. Mobley was administratrix of the estate of L. F. Hinson, deceased; that in 1906 L. F. Hinson during his lifetime, aided and assisted by the Baxley Banking Co., with notice that the funds were trust funds, wrongfully and fraudulently withdrew from said bank the amount set forth in the petition, and misappropriated a large part of the funds to the personal use of L. F. Hinson and a part to the benefit of the Baxley Banking Co.; that these funds were taken from the trust estate and not used for its benefit; that Mrs. Anna Mobley, as administratrix of L. F. Hinson, had in her hands certain funds arising from the sale of his estate, which she was threatening to pay out, and that the plaintiff, as executor of the estate of William Hinson, had a trust lien upon the funds in the hands of the administratrix, superior to all other liens except funeral expenses. He prayed, for general judgment

against the defendants for the amount of the funds; that a special trust lien in his favor be set up against said funds in the hands of Mrs. Mobley; and for injunction restraining her from paying out such funds. Both defendants filed demurrers, general and special. Certain grounds of special demurrer were overruled, and some were sustained. The demurrer of Baxley Banking Company, setting up that the petition showed that the claim against it was barred by the statute of limitations, was sustained. To the rulings adverse to him the plaintiff excepted. The demurrer of the administratrix, based upon the ground that the claim against her was barred by the statute of limitations, was overruled; to which ruling she excepted by cross-bill.

*L. E. Heath,* for plaintiff.

*W. S. Mann* and *Bennett & Swain,* for defendants.

BECK, J. (After stating the foregoing facts.) This petition was filed in the month of May, 1914. William Hinson's will was probated on August 7, 1905. Mrs. Mary Hinson, his wife, was named as executrix in the will, and on the day last mentioned she duly qualified as executrix and thereupon took charge of all the assets of the estate of the testator. On the 8th day of August, 1905, Mrs. Mary Hinson, as executrix of William Hinson, executed and delivered to L. F. Hinson her power of attorney, constituting him her attorney in fact "to handle the estate of said William Hinson, deceased, for her and in her stead." In the document making L. F. Hinson her attorney in fact she attempted to confer authority upon him to perform and carry out the terms of the will of William Hinson, to execute conveyances of title in the name of the executrix, to assent to legacies in her name as executrix, and generally to do and perform every act and thing necessary or proper in the discharge of her duty as executrix under the said will of William Hinson, as amply and as fully as Mrs. Mary Hinson herself could do. Mrs. Mary Hinson died on March 26, 1911, and L. F. Hinson died on September 20, 1912. From March 26, 1911, until July 7, 1913, the estate of William Hinson, deceased, was unrepresented, but on the day last mentioned the petitioner, Gaskin, was duly appointed and qualified as executor of the last will and testament of William Hinson, it being provided in the will that he be made executor thereof after the death of Mrs. Mary Hinson. During the year 1906 L. F. Hinson and the Baxley

Banking Co. were guilty of the acts of wrongful appropriation of funds belonging to the estate of William Hinson as charged in the petition. In the petition as it originally stood, ignorance on the part of Mrs. Mary Hinson, executrix, of these wrongful acts committed by L. F. Hinson and the bank, was alleged; but in the amendment subsequently filed it was charged that the executrix, Mrs. Mary Hinson, failed to discover whether L. F. Hinson and the Banking Company were dissipating and squandering the estate of William Hinson, "or, if she did discover the same, she remained silent and did not act to protect the interest of said estate," and did not communicate the same to any of the beneficiaries under the will, nor to petitioner, up to the time of her death, and for a considerable time thereafter neither petitioner nor the beneficiaries under said will had knowledge of the manner in which the executrix had failed and refused to discharge her duty as such or the manner in which the said estate had been dissipated and squandered by L. F. Hinson and the Baxley Banking Co.; nor did they have any knowledge that said facts were true until long after the death of said executrix.

We are of the opinion that the court erred in refusing to sustain the general demurrer of Mrs. Mobley, administratrix, based upon the ground that the claim of the plaintiff against the estate of her intestate was barred by the statute of limitations. Construing the pleadings most strongly against the pleader, the petition as amended, relatively to the question of notice of a misappropriation of the funds by L. F. Hinson and the Banking Company, must be construed as showing that Mrs. Mary Hinson had knowledge of these acts. When the pleader added by amendment, "or, if she did discover the same, she remained silent and did no act to protect the interest of said estate," there was no longer a positive allegation of ignorance upon her part of the acts of waste charged. Nor is Mrs. Hinson or her estate made a party defendant to this case, so as to make her liable for the acts of her agent. In so far as the general power of attorney executed by Mrs. Mary Hinson purported to confer upon L. F. Hinson general power and authority to act as executor of the will of William Hinson, it is of course void. She was executrix, but she had no power to confer this office upon another, and her effort to do so was vain. She did not, in the execution of this void paper, effect an abdication of

her office; she was still executrix. The estate as long as she was in life had a representative, and the statute of limitations ran against it; and the misappropriation of money belonging to the estate by L. F. Hinson was a wrong for which suit should have been brought within the statutory period. While the acts of L. F. Hinson and the bank.in the handling of the funds belonging to the estate of William Hinson may have had a general fiduciary quality, they were not executors or trustees, and the rule as to the time within which a suit may be brought in case of a technical or continuing trust was not applicable to them. When Mrs. Mary Hinson failed to sue within the statutory period of four years, the claim of the estate against the bank and against L. F. Hinson became barred by the statute of limitations. *Thomas* v. *Brinsfield, 7 Ga.* 154. Consequently, the court erred in not sustaining the demurrer of Mrs. Mobley, based upon the contention that the claim against the estate of her intestate was barred by the statute of limitations. It further follows from this ruling that the court properly sustained the contention made by the demurrer of the bank, that the claim against it was barred by the statute of limitations.

What we have said controls the disposition of the case, and it is unnecessary to pass upon the special demurrers. As this ruling controls the entire case and makes a final disposition of it, and as the exception to the ruling upon the effect of the statute of limitations upon the claim against Mrs. Mobley, administratrix, was made in the cross-bill of exceptions, the judgment of the court below is *reversed* upon the cross-bill of exceptions and the main bill of exceptions is *dismissed.* 　　*All the Justices concur.*