## WALKER *v.* BEACHAM *et al.*

Upon a petition to set aside a sheriff's sale, to cancel his deed to the purchaser, and to enjoin the sheriff from putting the purchaser in possession of the land sold, it was not error, on the evidence at interlocutory hearing, to grant a temporary injunction.

No. 2786. MARCH 18, 1922.

Injunction. Before Judge Kent. Laurens superior court. July 26, 1921.

*Evans & Evans* and *T. W. Evans,* for plaintiff in error.

*Ira N. Eubanks* and *R. D. Flynt,* contra.

HINES, J. An execution in favor of the International Life Insurance Company against C. T. Beacham was levied on lot 216 in the 8th land district of Laurens county; and the same was advertised for sale on the first Tuesday in July, 1921. The judgment on which this fi. fa. issued created a special lien in favor of the plaintiff on the entire tract. Prior to the sale this lot was divided into two tracts, one of 150 acres and the other of 52½ acres, and a plat made thereof at the defendant's expense; and by agreement between the attorney for the plaintiff in fi. fa. and the defendant, the tract of 150 acres, which had been sold by the defendant to one Nobles, subject to the lien of the plaintiff's judgment, should be first sold, and, if it brought enough to satisfy the plaintiff's judgment, the remaining 52½ acres should not be sold. At noon on the day of the sale the sheriff exposed the tract of 150 acres for sale, under the above agreement, when it was bid off by Ira N. Eubanks for the sum of $4713.10. There was evidence tending to show that the sheriff then announced that that ended his land sales; that the crowd dispersed; and that the defendant, who had been in attendance upon said sale, immediately left for his home some eight miles from the county seat. About two o'clock the sheriff and the attorney for the plaintiff called on Eubanks for the amount of his bid, which the latter, without any sufficient legal excuse, failed to pay. Thereupon the attorney notified Eubanks that he would have the property resold during the legal hours of sale; but the defendant had no notice of such resale. About half past 3 p. m., the sheriff, after announcing to all within hearing that he would sell this land lot, sold the same, when it was bid off by said Eubanks for the sum of $4727. Eubanks announced that his bid was for O. E. Beacham. Thereupon the sheriff prepared a properly executed deed to this land to O. E. Beacham, and presented it to Eubanks, who did not comply with his bid, but directed the sheriff to call on O. E. Beacham, at the time pointing out that the deed tendered by the sheriff was without the required revenue stamps, and stating that they would have to be attached before he could or would accept the same. The sheriff then procured a stamp, and offered to attach it to the deed if Eubanks would comply with his bid. Eubanks failed again to comply with

his bid. The sheriff immediately hurried to the court house, and again offered said land for sale, when it was knocked off to George Walker, a business associate of the plaintiff's attorney, for $4713.10; and the sheriff then executed and delivered to Walker a deed to said lot.

The defendant in fi. fa. filed his petition against the sheriff, the plaintiff in fi. fa., and Walker, alleging the foregoing facts, and that said land was worth $10,000, that the sale of his land in the manner above stated was a fraud upon him, and that his property would be grossly sacrificed if the sale was permitted to stand, and praying to set aside said sale, to cancel the deed from the sheriff to Walker, and to enjoin the sheriff from putting Walker in possession. The evidence was conflicting as to the value of the land. That for the plaintiff tended to show that this land was worth over $10,000; and that for the defendants tended to show that its fair market value for cash was not more than half of that amount. There was evidence tending to show that the sale to Walker was made just a few minutes before four o'clock, that there were only a half-dozen people present at the sale, and that Walker was the only bidder. The evidence was conflicting as to whether Eubanks was acting for C. T. Beacham in bidding off this land. The trial judge granted a temporary injunction as prayed by the plaintiff.

This court can not say that the chancellor abused his discretion in granting the injunction, under the law and the facts of the case. *Saunders* v. *Bell*, 56 *Ga.* 443; *Humphrey* v. *McGill*, 59 *Ga.* 649; *Suttles* v. *Sewell*, 109 *Ga.* 707 (35 S. E. 224), s. c. 117 *Ga.* 214 (43 S. E. 486); *Haunson* v. *Nelms*, 109 *Ga.* 802, 805 (35 S. E. 227).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*