### PEEK *v.* PEEK, executor.

GILBERT, J. 1. Where an executor, under regular order of the court of ordinary, sold land in November, 1924, for the purpose of paying debts and distribution among heirs, and one of the devisees entitled to an interest in the land was the highest and best bidder and requested time to pay the amount of his bid, was allowed the same, but failed to make payment; and where such purchaser thereafter requested further time in order to make certain arrangements with other devisees and failed to make them, and the executor readvertised the land for sale on the first Tuesday in March, 1926, and the purchaser at the first sale filed a petition to enjoin the resale, which was restrained; and where the executor, answering said petition, prayed for a judgment against petitioner for the amount of his bid at said first sale, the petitioner was estopped from setting up that the executor elected to rescind said first sale and to resell the land. The petitioner having by his proceeding for injunction restrained the resale, the executor could hold him liable under the first sale. All sales by executors and administrators, unless otherwise authorized, are required to be for cash; and if the purchase-price is not paid on the day of sale and the executor elects to proceed against the purchaser for the bid, and the crowd has not dispersed within the legal hours of sale, the executor or administrator may resell that day; and if the crowd has dispersed, the land must be readvertised for sale and sold on the next sale day or as soon thereafter as practicable. It is at least questionable whether the executor or administrator could elect to resell after a delay of thirteen months at the instance of the purchaser. Civil Code (1910), § 6071; *Saunders* v. *Bell*, 56 *Ga.* 442; *Sproull* v. *Seay*, 74 *Ga.* 676; *Roberts* v. *Smith*, 137 *Ga.* 30 (72 S. E. 410); *Hardin* v. *Adair*, 140 *Ga.* 263 (78 S. E. 1073, 47 L. R. A. (N. S.) 896); Redfearn on Wills, 547, § 270.

2. All of the proceedings in the court of ordinary for the purpose of obtaining authority to sell the land appear to have been regular. The petition alleges that the sale was necessary to pay the debts of the estate and for distribution among the heirs, some of whom were minors. The judgment authorizing the sale is by a court of competent jurisdiction. It imports, legally, a necessity for the sale, and can not be collaterally attacked. *Williams* v. *O'Neal*, 119 *Ga.* 175 (45 S. E. 978); *Copeland* v. *Kimbrough*, 149 *Ga.* 683 (102 S. E. 162), and cit.

3. At sales by executors and administrators the principle of caveat emptor

---

Executors and Administrators, 24 C. J. p. 464, n. 60; p. 616, n. 55; p. 632, n. 20; p. 644, n. 77; p. 645, n. 97; p. 689, n. 2.

applies; and under the facts of this case the allegation that the petitioner purchasing at the first sale would not have obtained a good marketable title constitutes no defense to an action against him for the amount of his bid. Redfearn on Wills, 550, § 271, and cit.

4. The fourth item of the will involved in this case, in which the land was devised, is plain and unambiguous. It does not require the executors to divide the lands in kind among devisees. The devisees named in said item, subject to payment of debts, are entitled to receive the land as tenants in common, and afterwards they could divide the land among themselves or sell and distribute the proceeds according to whether the land was divisible in kind. Therefore the failure of the court to construe the item, as prayed by the petition, was not erroneous.

5. After a careful examination of the pleadings and the evidence, as well as the various grounds of the motion for new trial, general and special, we hold that it was not error to overrule the motion.

*Judgment affirmed. All the Justices concur.*

No. 6229. MARCH 15, 1928.

Equitable petition. Before Judge Hutcheson. Campbell superior court. August 1, 1927.

*William B. Jones,* for plaintiff.

*Lawrence S. Camp,* for defendant.