29879.   SMITH, executor, *v.* SMITH.

DECIDED MARCH 12, 1943.

100

*Howell Brooke,* for plaintiff.

*Wood & Spence, Hugh Dorsey Sosebee,* for defendant.

SUTTON, J. The following opinion represents the views of my two colleagues, from which I dissent for reasons shown in my dissenting opinion:

The plaintiff, as executor, failed to immediately collect from the defendant the purchase-price of the property, a portion of which was due to and payable to the minor heir at law, and entered into an agreement with the purchaser by which the purchaser was to pay this amount to the minor heir at law on the date of the minor's becoming of age, which date appears to be September 9, 1938. Taking this contract as standing alone and isolated from anything else appearing in the case, the statute of limitations could not begin to run against the plaintiff and in favor of the defendant until after the defendant was obligated to pay the money under the contract, which was on the date of the majority of the minor heir, namely September 9, 1938. Whether or not the executor had the right to so deal with the minor's funds, he has breached no duty which he owed to the heirs, including the minor, because they have all been paid the purchase-money. All the heirs but one were paid the purchase-money by payment directly from the defendant purchaser to them, and the minor heir, after he arrived at majority, was paid his portion of the purchase-money by the plaintiff, who was executor of the estate. Whether or not the contract which the plaintiff executed with the defendant purchaser was one which it was beyond his power as executor to make (*English* v. *Horn,* 102 *Ga.* 770, 29 S. E. 972), the plaintiff in making this contract violated no duty to the heirs. The plaintiff, at the time of the sale, was under an immediate duty to all the heirs to collect all the purchase-money and pay it to the heirs; yet where the plaintiff, even as the executor, agreed with the purchaser to postpone collecting the portion of the purchase-money belonging to the minor until a fixed time, this contract, whether it was illegal as to the heirs, was certainly legal and binding as between the parties thereto. Under the terms of the contract the right to collect did not mature until September 9, 1938. There is no right of recovery based on the creation of a trust, but there is for a breach of the contract, which was not barred

by the statute of limitations. The court erred in sustaining the demurrer on the ground that the plaintiff's right of action was barred. The petition set out a cause of action, and was not subject to general demurrer.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting. It is contended by the plaintiff in error that a subsisting trust is shown by the allegations of the petition, and therefore that it is not within the ordinary statutes of limitations. However, such a trust is one cognizable only in a court of equity (Code, § 3-713), and the petition does not purport to set out a cause of action other than one at law. It is well settled that whether a petition is based on an equitable or a legal cause of action depends upon the character of the relief sought, as shown by the prayers, which indicate whether the alleged cause of action is intended by the pleader as founded upon legal or equitable principles. The prayer of the petition in the present instance is only for process and judgment for a sum of money. Thus no equitable petition was presented. The plaintiff as executor sold certain land to the defendant, the terms of the sale being for cash. It was plainly his duty as executor, upon completing the sale, to demand of the defendant the full amount of the sale price, and on receipt thereof to convey to him the land in question. *Peek* v. *Peek,* 166 *Ga.* 166 (142 S. E. 663) ; *Carder* v. *Arundel Mortgage Co.,* 47 *Ga. App.* 309, 311 (170 S. E. 312). Instead of collecting the purchase-price of $2000 at the time of executing and delivering to the defendant a deed to the property, the plaintiff saw fit to indulge him in the following manner, relying upon him to carry out his promises made at that time: The defendant agreed to pay each of eleven heirs a pro rata share of $181.81. One of these, a minor child of a deceased daughter of the testator, was not to be paid until he reached his majority. The defendant was to retain his share of $181.81 and pay this sum to him, with legal interest thereon, when he became twenty-one years of age. The agreement was made in October, 1931, and the minor reached his majority on September 9, 1938, nearly seven years after the agreement was entered into; but it appears that the defendant did not carry out his promise to pay to the minor his share of $181.81 with interest, and that the plaintiff as executor was compelled to pay this amount as rightfully due him under the will of the plaintiff's testator. The plain-

tiff did not entrust any of the money of the estate with the defendant purchaser. He merely failed to collect, as he should have done under his duty as executor, the full purchase-price of the property sold, and thereby stood in the position of any other creditor who has permitted a claim to become barred by the statute of limitations.

Under the record as here presented, the alleged agreement between the executor and the purchaser at the sale was void. The executor was without power to constitute and appoint the purchaser as his agent in carrying out the trust reposed in him as executor with respect to the sale in question. *Gaskin* v. *Mobley,* 145 *Ga.* 376, 378 (89 S. E. 337). The purchaser was obligated to pay the amount of his bid to the executor as the personal representative of the estate. He was due the heirs nothing, nor could they have forced him to pay them anything under the alleged agreement between the executor and the purchaser. Neither could the executor under the agreement have required or forced the purchaser to pay the heirs. The terms of the sale were cash, and the amount of the bid was due on the day of the sale; and when the executor indulged the purchaser for a portion of the purchase-price of the land and failed to proceed to collect the amount here involved, which represented the value of one share in the land, within four years from the date of the sale, the present suit brought by the executor after the expiration of the four-year period was barred by the statute of limitations. Code, § 3-706. Therefore I think the trial court properly sustained the defendant's demurrer and dismissed the plaintiff's action. *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113), and similar cases cited and relied on by the plaintiff, are without application to the facts as alleged in the petition.